## BENDER *v*. THE STATE.

CONSTITUTIONAL LAW. — *Passage of Statute.* — *Limit of Judicial Inquiry.* — Courts of this State cannot look beyond the enrolled act of the legislature, to ascertain whether there has been a compliance with the requirement of the constitution, that "no bill shall be presented to the governor within two days next previous to the final adjournment of the General Assembly."

From the Fountain Circuit Court.

*H. H. Dochterman*, for appellant.

*C. A. Buskirk*, Attorney General, and *T. L. Stilwell*, Prosecuting Attorney, for the State.

BUSKIRK, J.—The record in this cause presents for decision but one question, and that arises in two ways; first, by an answer setting up the facts, to which a demurrer was sustained; and secondly, by an agreed statement of facts, upon which the cause was tried.

The appellant was indicted for selling intoxicating liquor to a minor. The prosecution was based upon the act of March 17th, 1875.

It is very earnestly insisted, that such pretended act was not passed in conformity to the imperative requirements of the constitution, in this, that it was passed on the 13th day of March, 1875, and that the legislature finally adjourned on the 15th day of said month, and therefore, that it was not, and could not have been, presented to the governor within the time prescribed by the constitution.

The last clause of section 14 of article 5 provides:

" But no bill shall be presented to the governor within two days next previous to the final adjournment of the General Assembly."

It appears upon the face of the act that it was approved on the 17th day of March, 1875, but it does not appear therefrom when it was passed, when it was presented to the governor, or when the final adjournment of the General Assembly took place. These facts are averred in the answer and admitted in the agreed statement of facts, and the question which we are required to decide is, whether the court below possessed the power to look beyond the enrolled act, to ascertain whether it had been passed in conformity to the constitution.

Counsel for appellant has filed a very able and elaborate brief, in which the following proposition is stated and argued:

" Courts have the power to go behind the statute and enquire whether or not the act was passed according to the constitution, and if not, to declare it void, just the same as if it appeared upon the face of the act that it conflicted with the provisions of the constitution."

Several adjudged cases are cited in support of such position, but we do not deem it necessary to cite or review them, because they are cited and reviewed in the case of *Evans* v. *Browne*, 30 Ind. 514, where the previous Indiana cases cited are overruled, and the others are disapproved of, and where a rule is laid down which is in direct conflict with the above proposition. The ruling in the above case has been approved and adhered to. *Van Dorn* v. *Bodley*, 38 Ind. 402; *Turbeville* v. *The State*, 42 Ind. 490. The ruling in *Evans* v. *Browne*, *supra*, seems to be in accordance with the weight of authority, and we regard the question as settled and will not open it.

The ruling of the court below having been in strict accordance with such ruling, it results that the judgment must be affirmed.

The judgment is affirmed, at the costs of the appellant.