Board of Commissioners of Madison County v. Burford.

Filed Jan. 31, 1884.

---

No. 10,422.

BOARD OF COMMISSIONERS OF MADISON COUNTY v. BURFORD.

STATUTES.—*Evidence of Existence.*—*Judicial Knowledge.*—Courts must judicially know whether a statute has been properly enacted; it gets this knowledge from its official authentication, and its recognition by the Secretary of State. There can be no trial of an issue of fact to ascertain whether the statute was properly enacted.

COUNTY COMMISSIONERS.—*Stationery.*—*Purchase of.*—*County Officer.*—To a claim for stationery furnished for the use of a county, it was answered

that the goods were purchased by the clerk without authority, at a time when there was a contract in force for such goods to be furnished by another, of which the claimant had notice.

*Held*, under the act of 1875, Acts 1875, p. 3 , that the answer was good.

From the Madison Circuit Court.

*W. R. Pierse* and *C. B. Gerard*, for appellant.

*J. W. Sansberry, M. A. Chipman,* and *J. W. Sansberry, Jr.*, for appellee.

ELLIOTT, J.—Courts are bound to respect as laws the properly authenticated acts of the Legislature, filed by the proper officers and received, in accordance with law, by the secretary of state and placed in the proper depositary. Issues of fact can not be formed for the purpose of investigating the mode of procedure of the co-ordinate departments of government—the executive and legislative. Judicial investigation stops with an examination of the title and contents of the act, and the evidence of its due attestation by the signatures of the Speaker of the House of Representatives and the President of the Senate, and its acceptance and filing, as an act of the Legislature, by the secretary of state. This question received full and careful consideration in *Evans* v. *Browne,* 30 Ind. 514, and it was held that courts could not look behind the bill to the legislative proceedings.

In *Bender* v. *State*, 53 Ind. 254, the question was presented precisely as it is here; the position there taken was that the bill was not presented to the Governor " within two days next previous to the final adjournment of the General Assembly," and the rule declared in *Evans* v. *Browne, supra,* was unhesitatingly adopted and applied. The case of *Evans* v. *Browne, supra,* received approval in *Edger* v. *Board, etc.,* 70 Ind. 331. The question was declared not to be an open one in *Bender* v. *State, supra,* and, even if we doubted the soundness of the ruling in the original case, it would be our duty to follow it, but we are well satisfied that the reasoning of FRAZER, J., demonstrates the soundness of the rule which prevails in this court. The weight of authority is with our view. In addi-

tion to the cases referred to in *Evans* v. *Browne, supra,* may be cited *Louisiana, etc., Co.* v. *Richowx,* 23 La. An. 743; *Sherman* v. *Story,* 30 Cal. 253; *People* v. *Burt,* 43 Cal. 560; *State* v. *Swift,* 10 Nev. 176; S. C., 21 Am. R. 721; *Koehler* v. *Hill,* 27 Alb. L. J. 195; *Broadnax* v. *Groom,* 64 N. C. 244; *Eld* v. *Gorham,* 20 Conn. 8; *Swann* v. *Buck,* 40 Miss. 268; *Green* v. *Weller,* 32 Miss. 650; *Pangborn* v. *Young,* 32 N. J. Law, 29.

The act of 1875, providing that all contracts for the purchase of stationery and other articles for the use of county officers shall be made by the board of commissioners, is found in the proper depositary, is duly authenticated by the signatures of the presiding officers of both branches of the General Assembly, is in title and contents constitutional, and it is, therefore, the duty of the courts and the people to assume that it was enacted in conformity to the provisions of the Constitution of the State, and not to look behind it to ascertain whether the executive and legislative branches of the State government obeyed the mandates of the organic law. The plain reason for this, as demonstrated by the cases cited, is that there is no higher evidence than the duly authenticated enrolled bill resting in the depositary designated by the supreme law.

The commissioners may, at their option, pay, or refuse to pay, a bill contracted by a county clerk for stationery furnished for the use of his office. Acts 1875, Reg. Sess., p. 32. The clerk in this case bought the stationery, and may have created an absolute charge against himself but not against the county.

The answer of the appellant was good, and the court erred in sustaining appellee's demurrer.

Judgment reversed.

Filed Nov. 20, 1883.

## On Petition for a Rehearing.

Elliott, J.—In the argument on the petition for a rehearing, counsel, without questioning the soundness of the

decision heretofore announced, insist that we should decide some technical questions presented by them. The first question which they ask us to decide was thus presented in their original brief:

" The first assignment we submit does not present any question for decision, as the record shows that when the demurrer was sustained to the answer, the appellant took leave to amend; and afterward the appellant filed an amended answer. By filing an amended answer, the appellant waived any error there might have been in sustaining a demurrer to the answer. Busk. Prac., p. 286; *Thompson* v. *Toohey*, 71 Ind. 296. If this were not true, still there is no question here, as the answer is not in the record."

We looked into the record and found that there was an answer on file; that the ruling on the demurrer to it was exhibited not only by the ordinary record entries, but also by a bill of exceptions, and we supposed it impossible for any one to doubt that the assignment of errors pointed to the ruling on the only answer in the record. As there is but one answer in the record, we think it plain that the assignment fully and unmistakably informed court and counsel of the ruling which appellant asserted to be erroneous. The answer, as amended, was the sole answer in the record, and it was perfectly proper to denominate it " the answer of the appellant."

The next point made by counsel was presented in these words: " There is no averment in the amended answer that the county did not receive and use the articles. There is no averment that they were useless or unnecessary. There is no averment that the price charged was unreasonable. For amended answer see record."

This is not such a presentation of a question as the settled rules of practice require, for there is nothing more than a mere assertion unsupported by argument or authority. Nothing more is said than that certain averments are not in the answer; no attempt is made to show that they ought to have been in it. Granting, however, that there is a sufficient brief,

and conceding that the questions sought to be presented are well presented, and it is obvious that there is no strength in the position. If the acts of the county officers were, as the answer avers, in defiance of a positive statute, then there could be no liability on the part of the county, no matter what the county officers may have done.

The averments of the answer are that the articles named in the complaint "were purchased by Jesse L. Henry and not by the defendant, nor by order of the commissioners, or with their knowledge or consent," and that they never agreed to pay for them; that when the goods were purchased there was in force a contract made by the commissioners for furnishing books and stationery for the county, and, to copy the language of the answer: "That after making said contract and while the same was still in force, the said Jesse L. Henry, without notifying the defendants, and without their knowledge or consent and without any authority whatever, made the purchase of the goods, books, stationery and articles named and specified in the complaint, of and from the plaintiffs, in violation of the said contract herein set forth; and that the plaintiff at the time of the sale of the goods named in the complaint had full notice of the contract and order of commissioners so made for the purchase of said books, stationery and other articles so made with the Sentinel Company, and the plaintiff was one of the unsuccessful bidders for said contract."

We do not see how any one can seriously entertain the opinion that the answer does not meet the whole complaint; it certainly does go to all the articles named in that pleading.

It is, however, said that the contract which is referred to as an exhibit does not cover all the time embraced in the complaint, but the obvious answer to this is that it is a well known rule that written instruments are not proper parts of the pleading when they are merely collateral, and can not control the averments in the body of the pleading. It is only proper to set forth the instrument on which the plead-

ing is founded, and when this is the case then its recitals have controlling force. In the present instance, the contract was not the foundation of the defence.

Counsel say that the complaint shows that part of their claim was for goods furnished from December 30th, 1880, to March, 1881, and that as the contract was for one year from December 30th, 1879, the whole of their claim is not covered. The extract made from the answer shows that the contract was in force when all the goods sued for were furnished; but suppose it lacked this statement, there would still be no confession of the truth of the allegations of time in the complaint, for allegations of time and value are not, as a general rule, material, and are not therefore confessed by a failure to deny them. R. S. 1881, section 383.

It is also contended that the answer ought to have gone further and shown that commissioners obeyed the statute with exact strictness in the matter of giving notice and the like. We do not see how the appellee can claim any right to attack the proceedings of the commissioners, when he is shown to have had full knowledge of the existence of the contract, and to have been a competing bidder at the letting. But whether he is or is not in a position to make the point is not important, for until he affirmatively shows that the commissioners have violated the law the presumption is in favor of the regularity and legality of their acts, as everybody knows.

We do not think the statute is one to be strictly and rigorously construed; on the contrary, we think it a just one, deserving a liberal construction. A check upon the authority of county officers to buy stationery and supplies at their pleasure is far from an invasion of common right, and it is but reasonable that contracts for furnishing county stationery and supplies should be let to the best bidder ascertained by fair and open competition. But as there is no contract legitimately in the record, we need not enter further into the discussion of the statute.

We have thus discussed all the points made by counsel, and

it does seem to us that they are so unimportant as to fully justify our course in not discussing them in our former opinion.

Petition overruled.

Filed Feb. 1, 1884.