The Board of Commissioners of Henry County *et al. v.* Gillies.

No. 16,890.

THE BOARD OF COMMISSIONERS OF HENRY COUNTY ET AL.
*v.* GILLIES.

COUNTY COMMISSIONERS.—*Contract for Stationery.—Administrative Act.
—No Appeal from.*—The act of the board of county commissioners in entering into a contract for the purchase of stationery for the county is an administrative one, from which an appeal will not lie.

SAME.—*Contract for Stationery, When Void.—Injunction.*—If, in performing such act, the board fails to comply with the requirements of the statute, the act of the board is void, and it may be so declared, and injunction will lie to prevent the board from carrying out the terms of such contract.

SAME.—*Void Contract.—Injunction.—Estoppel.—Stationery.*—The fact that the plaintiff, in an injunction proceeding against the board of commissioners and other defendants to restrain them from taking any action under such void contract, and to have such contract declared void, had endeavored to become a bidder before the board on such contract, could not prevent him from bringing an action as a taxpayer, for the purposes aforesaid.

SAME.—*Contract for Stationery.—Must be Made in Strict Compliance with the Letter and Spirit of the Statute.*—In making a contract for stationery for the county, the statements required of the county officers, the notice to bidders, and the reception and examination of bids are the essence of the law governing such transaction, and the board must exercise their powers in this regard in strict compliance with the letter and spirit of the statute.

From the Henry Circuit Court.

*J. H. Mellett* and *M. E. Forkner,* for appellants.
*D. W. Chambers,* for appellee.

HOWARD, J.—The appellee, a citizen and taxpayer of the county of Henry, filed his complaint in the court below, to have a certain contract which had been entered into between the appellant Board of Commissioners and the appellant Elliott declared void, and to have appellants and other defendants restrained from taking any action thereunder.

The judge of the Henry Circuit Court deeming himself disqualified, appointed the Honorable D. W. Comstock, Judge of the 17th Judicial Circuit of Indiana, to try the case.

From the finding of facts by the court, it appears that on December 7, 1891, being the first day of the December term, 1891, of the Board of Commissioners of Henry County, Indiana, the said board, while in regular session, accepted a bid in writing, made by the appellant Elliott, and entered into a contract with him, by the terms of which the said Elliott agreed to furnish to said county the records, blanks, and stationery of all kinds for the use of the county, for one year at rates named in said bid and contract, and also to do the public printing for the county at twenty per cent. less than the legal rate; that prior to the making of said contract no statement had been made to said board by any county officer of said county, of the probable amount and quantity of books, stationery and other articles necessary for conducting the business of his office for any determinate period, nor had said board requested such statement of any officer; nor did said board give notice in any manner that bids would be received for furnishing supplies needed for the use of the county or its officers; that on said day, and before the said commissioners had determined to enter into a contract with the appellant Elliott, they had knowledge that the appellee desired, and was ready, to file a bond to furnish said records, blanks, and stationery, and do the printing needed by said county for the year 1892, and that the firm of Burford & Co., a responsible firm doing business at Indianapolis, Indiana, also were ready, and desired, to bid to furnish the records, blanks, and stationery needed by said county for said year; that prior to the awarding of said contract, said commissioners were informed that

the appellee had a bond for the faithful performance of the contract if awarded to him, and that he then and there had his said bid and bond ready to file; that with said knowledge, said board awarded said contract to appellant Elliott without examining or considering any other bid than said Elliott's; that after said board, on said day, announced to the appellee that the bid of Elliott had been accepted, and the contract awarded to him, and before the order awarding said contract had been recorded and signed on the minutes of said board, and before the appellant Elliott had been informed of the acceptance of his said bid, the appellee filed with the auditor of said county, the bid which he had informed the board he desired to file before the announcement had been made of the acceptance of the bid of Elliott, and with said bid filed a bond in the sum of two thousand dollars to secure the faithful performance of the contract for the public printing, which bond the court finds was ample to secure that part of the contract, and which was the only bond proposed to be filed by the appellee; that in said bid the appellee proposed to furnish all the records, blanks, blank books, and stationery for the use of the county that might be required during the period of one year from the acceptance of said bid, at the rates named in said bid, and also to do the public printing for the county for said year for sixty per cent. less than the bid of Elliott; that at the same date the said firm of Burford & Co. proposed in writing to furnish all blanks, blank books, and stationery necessary for the use of the several officers of said county for one year from said date for ten per cent. less than the appellant Elliott.

The bid of the appellant Elliott, and also that of the appellee, Gillies, are set out in full detail in the finding, and it appears that the prices named in appellee's bid

average from twenty to sixty per cent. lower than those in Elliott's bid.

The court made further findings showing absence of collusion or fraud on the part of appellants; that the prices stated in Elliott's bid were reasonable; that Elliott and the appellee were resident newspaper publishers and were of opposite politics, Elliott being of the same politics as the members of the board; that the appellants were threatening to carry out the contract entered into, and would do so unless restrained by the court; and that appellants, in entering into said contract, did not intend to defraud the taxpayers of Henry county.

As conclusions of law, the court found that that part of the contract which provided for furnishing records, blanks and stationery was illegal and invalid, and that the appellee was entitled to have the same canceled and its performance enjoined, and that that part of the contract which provided for the public printing was legal and valid.

As the court found that the appellee proposed to do the public printing for sixty per cent. less than the bid of the appellant Elliott, it does not at first appear clear why the court concluded, as a matter of law, that the printing part of the contract was legal and valid.

There is, however, no law requiring the board of county commissioners to let the public printing to the lowest bidder. The board might, therefore, lawfully let the printing to Elliott at any price not greater than the legal rate, even though appellee offered to do it for sixty per cent. less.

Both parties, and the court also, proceeded upon the theory that the action was brought, and that all the proceedings in relation to the contract were had, under provisions of the act of 1875, providing that all contracts for the purchase of stationery and other articles for the

use of county officers, not including public printing, shall be made by the board of commissioners as in that act specified. Acts 1875, Reg. Sess., p. 31.

Although the act in question has not been brought into the Revised Statutes, there is no doubt that it is in full force and effect, and was so at the date of the contract, as assumed on the trial. *Evans, Aud.,* v. *Browne,* 30 Ind. 514; *Bender* v. *State,* 53 Ind. 254; *Board, etc.,* v. *Burford,* 93 Ind. 383.

Section 1 of said act makes the county board the purchasing agent of the county, for the purchase of all the books, stationery and the other articles necessary for conducting the business of the county offices, circuit court and inferior courts of the State.

Section 2 requires every county officer using articles purchased at the expense of the county, to make known, under oath, at the December term of the commissioners' court, the probable amount and quality of books, stationery and other articles necessary for conducting the business of his office for one year.

Section 3 provides that the commissioners, after an examination of such statements, shall order the purchase of all or any part of the articles set forth in such statements, if they believe they are necessary for the use of the county, and, also, are articles that should be paid for by a general tax.

Section 4 directs that, after deciding upon the amount and kind of articles they should purchase, the commissioners shall give notice for at least ten days that they will receive bids for furnishing the supplies demanded, giving specifications of the kind, quality and quantity of articles needed, and that they will give the contract for furnishing them to the lowest responsible bidder, reserving the right to reject all bids.

Section 5 declares that if any necessity should exist, in

their judgment, for the purchase of any one or more articles before the time of the annual statements of the county officers, or if the supply should become exhausted at any time between such annual statements of the county officers, the commissioners may purchase a sufficient amount of such articles as may be necessary to last until the next meeting aforesaid, for making annual contract for official supplies, at the lowest possible prices.

Counsel for appellants confine their discussion of the alleged errors of the court to three propositions:

1. That the plaintiff had his remedy by appeal, and having such remedy an injunction does not lie.

2. That the plaintiff, having appeared before the board and sought to obtain the contract, he is now estopped to deny the legality of the proceedings, or to raise any question as to the notice.

3. That the board acted within the legal limits of its powers as the purchasing agent of the county, under the law of 1875; that that statute is directory and not mandatory in its provisions, and that the action of the board being within the powers given in the act and in the furtherance of the intent and policy of the act, it is valid and not void.

The case of *Platter* v. *Board, etc.,* 103 Ind. 360, was one in which the county commissioners had made a contract for the sale of county property, and the action was to set aside the contract of sale. It was there held that no right of appeal would lie. the act of the board not being a judicial one; that the right of appeal does not exist where the board acts in a purely ministerial or administrative capacity.

So in *City of Valparaiso* v. *Gardner,* 97 Ind. 1, it was said that "the execution of a contract is a ministerial act, and if the contract is one in excess of the corporate authority its execution may be enjoined." In the same

case it is said: "A taxpayer of a municipal corporation may maintain a suit to enjoin the corporate authorities from entering into an unauthorized contract. · *Sacket* v. *City of New Albany*, 88 Ind. 473; *City of Madison* v. *Smith*, 83 Ind. 502; *Noble* v. *City of Vincennes*, 42 Ind. 125; Dillon Munic. Corp. (3d ed.), section 922."

The question in the case before us was, whether the board was authorized by law to enter into the contract for the purchase of stationery, etc., for the county. The making of this contract by the board was not a judicial act, but simply an administrative one in which the board had discretion to enter into the contract or refuse to do so. No appeal will lie from such an act of the board. But if the statute prescribed the mode of exercising this administrative power, and the board failed to comply with the requirements of the statute, then the act of the board was void, and it may be so declared, and injunction will lie to prevent the board from carrying out the terms of the void contract. Appellee pursued the proper remedy.

There is no principle of estoppel in the case. The appellee instituted the action as a taxpayer, as he had a right to do. The fact that he had endeavored to become a bidder before the board, could not prevent him from bringing an action as taxpayer to test the right of the board to enter into a contract against the express provisions of the statute.

The third proposition advanced by counsel is, that the statute is directory and not mandatory, and that the intent and policy of the act have not been violated. If the position here taken were tenable it would amount to a total abrogation of the law in question. That statute requires that statements should be filed with the board by the several county officers, showing the supplies

needed. The court finds that no such statements were filed, and that none were requested by the board. The statute requires, further, that ten days' notice should be given bidders for supplies. The court finds that no notice was given. The statute also requires that bids should be received for supplies. The court finds that appellee's bid and that of Burford & Co. were not received or examined by the board. The statements by the officers, the notice to bidders, and the reception and examination of the bids, are the essence of the law. If these are disregarded as being merely directory, the statute disappears. The statutes of the State are not to be wiped out in that manner. Boards of county commissioners are themselves but the creatures of the Legislature, and they must pursue and exercise their powers in strict compliance with the letter and spirit of the statute. It is theirs to obey, not to disregard, the commands of the law-making power of the State.

There is no merit whatever in this appeal. Indeed, although the court found that there was no intentional fraud on the part of the board, yet it would seem, from an inspection of the finding of facts by the court, that the board was utterly regardless of the interests of the taxpayers of the county in their refusal to receive the bids offered, and in entering into a contract which they knew would cost the people of the county a much larger amount than the same goods might be obtained for through the offered bids.

The judgment is affirmed.

Filed Sept. 18, 1894.