(13 Misc. Rep. 39.)

### KIERNAN v. METROPOLITAN LIFE INS. CO.

(Common Pleas of New York City and County, General Term.  June 3, 1895.)

JUDICIAL NOTICE—PNEUMONIA A DISEASE.

> That pneumonia, of which a patient dies, is a "disease," is a fact of judicial cognizance; and a judgment founded on a negation of the fact, though supported by evidence, will be reversed for error.

(Syllabus by the Court.)

Appeal from district court.

Action by Mary Kiernan against the Metropolitan Life Insurance Company on a life insurance policy. Judgment was entered in favor of plaintiff for $65 and costs, and defendant appeals. Modified.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Arnoux, Ritch & Woodford, for appellant.

Adam Wiener, for respondent.

PRYOR, J. By the terms of the policy on which the action proceeds, if the death of the insured was from "pulmonary disease," the plaintiff could recover only $32.50; otherwise, she is entitled to the judgment for $65. The insured died of acute lobar pneumonia,

by concession a pulmonary affection, but denied by plaintiff to be a disease; and she has found an "expert" to testify and a judge to decide that a mortal pneumonia is not a disease. It hardly consists with judicial gravity to argue against a proposition of which the absurdity is self-evident, which involves at once an affront to common sense, a misconception of the plain sense of a plain word, and a contempt for the uniform and universal signification of scientific nomenclature. That pneumonia is a disease is a notorious fact, and so a fact of judicial cognizance. Brown v. Piper, 91 U. S. 37, 42; Eureka Vinegar Co. v. Gazette Printing Co., 35 Fed. 570; Engraving Co. v. Hoke, 30 Fed. 444; People v. Snyder, 41 N. Y. 397; Lanfear v. Mestier, 89 Am. Dec. 658, note 663, 691, 693; 1 Greenl. Ev. § 6; 1 Whart. Ev. § 282. As the court takes notice of the fact, no proof of it was requisite (Secrist v. Petty, 109 Ill. 188), and no issue could be joined upon it (Board of Com'rs v. Burford, 93 Ind. 383). The judgment should have been but for $32.50, and it is modified accordingly, with costs of the appeal to the defendant. The defendant cannot have judgment, because it is not apparent that the money was paid into court. Code Civ. Proc. § 732; Taylor v. Railroad Co., 119 N. Y. 561, 23 N. E. 1106. All concur.