## WILLIAMS v. BOARD OF COMMISSIONERS OF HENRY COUNTY.

[No. 3,756.     Filed June 27, 1901.]

COUNTIES.—*Officers.*—*County Clerk.*—*Postage.*—Under the fee and salary law of 1895 (Acts 1895, p. 319), the county is liable to a county clerk for money expended by him for postage in the transaction of public business.

From Henry Circuit Court; *W. O. Barnard,* Judge.

Action by Loring A. Williams against the Board of Commissioners of Henry county for money expended by him as county clerk for postage. From a judgment in favor of defendant, plaintiff appeals. *Reversed.*

*E. H. Bundy* and *J. M. Morris,* for appellant.
*Adolph Rogers,* for appellee.

ROBINSON, J.—Appellant filed a verified claim with appellee for cash expended for postage required for the transaction of the business of the office of county clerk from October 29, 1896, to March 1, 1898. The claim was disallowed, and upon appeal to the circuit court a demurrer was sustained to the complaint.

Section twenty-one of the fee and salary law, approved March 11, 1895, provides that the county officers therein named shall be entitled to receive for their services the compensation specified in that act, which compensation is graded in proportion to the population and the necessary services required in each of the several counties, subject to the conditions therein prescribed, and that they shall receive no other compensation whatever. Section fifty-four fixes the compensation of the clerk of the circuit court in Henry county at $2,600. The concluding clause of §123 provides that "the county officers shall procure at the expense of the county such books, blanks and supplies as shall be required by reason of this act and for the transaction of the business of the county." Acts 1895, p. 319.

In *Board, etc.,* v. *Gillies,* 138 Ind. 667, where a contract made in 1891 was in question, it was held that the act of 1875 (Acts 1875, p. 31), though not brought into the revised statutes, was still in force. That act made the county board the purchasing agent of the county for the purchase of all the books, stationery, and the other articles necessary for conducting the business of the county offices; required officers to make known under oath the books, stationery, and other articles necessary for one year; that the board should order the purchase of such articles as were necessary; that after deciding the amount and kind of articles the board was required to give ten days' notice to bidders that they would give the contract for furnishing them to the lowest responsible bidder.

The above act of 1875 was not expressly repealed by the act of 1895. And conceding, without deciding, that it is in force since the enactment of the fee and salary law of 1895, (Acts 1895, p. 319), it would not be applicable to a matter like that here in question. The reason underlying the requirement that contracts for furnishing county stationery and supplies should be let to the best bidder ascertained by fair and open competition would not exist in the matter of furnishing postage. It was not the intention of the legislature that bids should be received for furnishing postage stamps.

The case of *Hanlon* v. *Board, etc.,* 53 Ind. 123, cited by counsel, was decided under the fee and salary law of 1875 (Acts 1875, s. s. p. 31), which gave the auditor a salary and in addition gave certain fees. But there is reason for requiring an officer himself to pay for supplies used in performing certain duties for which he is allowed a specific fee, and accordingly in the fee and salary law of 1879 the auditor was given a certain salary and certain fees in addition, and it was also provided that auditors should furnish parties all blanks and stationery for affidavits or other documents in which he received a specific fee for the services rendered in

using such blanks or stationery; the county to furnish all books, stationery, and blanks required in doing the public business pertaining to the office. §5910 R. S. 1881.

Under the fee system the fees taxable were not against the county but were against the parties, and the fees belonged to the officer. Under the law of 1895 the fees do not belong to the clerk but belong to and are the property of the county. It was not intended that in making these fees for the county the officer should expend a part of the salary allowed him for services.

The claim here in question is in no sense in the nature of compensation for services. So that a statute prohibiting the board from allowing a county officer pay for extra services has no application. It was not the intention of the legislature that a county officer should furnish the books, blanks, and stationery required in transacting the business of his office, because provision is made for the county to furnish them. The salary given him by law is for services. The act states it is graded in proportion to the *population* and the *necessary services* required. When he asks the county to pay back money he has expended for postage in transacting public business he is not asking pay for services. The law requires him to perform certain services, and he undertakes to perform these services for the salary fixed. But he does not undertake to furnish the supplies necessary to the proper doing of the work. It seems always to have been the policy of the law to furnish public officers the necessary records and supplies for the transaction of the business of the office and the performance of the duties required of him by law. And the present statute does not contemplate that the officer himself shall furnish these supplies, because it is expressly provided that they shall be furnished at the expense of the county. And, as we have said, conceding that these necessary supplies should be furnished by the board under certain prescribed regulations, the reasons for such

requirements would not exist in the matter of furnishing postage. Whether an amount claimed by an officer as having been spent for postage in the transaction of the business of the office is a proper amount must be determined upon the trial as any other question of fact, and is not a question with which we have anything to do in this case. The demurrer admits the truth of the claim.

Judgment reversed.