STATE, EX REL. OWEN *v.* FORTIETH JUDICIAL CIRCUIT ET AL.

[No. 25,962.   Filed January 29, 1931.]

*Frank E. Gilkison,* for petitioner.

*Thomas H. Branaman* and *Montgomery & Montgomery,* for respondents.

ROLL, J.—Relatrix filed her petition in this court for an alternative writ of prohibition; and, upon considera-

tion of said petition, a temporary writ was issued. The petition alleges, in substance, that the relatrix was charged by affidavit in the Lawrence Circuit Court with the violation of the liquor law, a copy of said affidavit being set out in the petition. Relatrix was arraigned by the respondent James A. Cox, acting as the duly elected and qualified judge of the Fortieth Judicial Circuit, which was composed of the counties of Lawrence and Jackson. Relatrix, when arraigned, refused to plead to the charge and a plea of not guilty was entered by the said James A. Cox for her. Attorneys for relatrix entered special appearance for relatrix for the purpose of pleading to the jurisdiction of said court, and the said James A. Cox, acting judge thereof. Her plea to the jurisdiction, which is also set out in the petition, was overruled, and, to avoid being held in jail, relatrix, under protest, gave bond as fixed by said respondent James A. Cox. Upon motion of the prosecuting attorney, said criminal charge against the relatrix was set for trial, and hence this petition to restrain the said respondents from proceeding to try relatrix on said criminal charge.

To the petition for said writ, the respondents filed a demurrer, on the ground that said petition does not state facts sufficient to constitute a cause of action, and asks that the writ be quashed.

Relatrix' right to have this writ made permanent depends upon whether or not a certain bill known as Senate bill No. 165 of the 76th session of the General Assembly of Indiana became a law.

This bill, Senate bill No. 165, provided for the creation of the Fifty-ninth Judicial Circuit to consist of Lawrence County alone.

If said bill never became a law, the writ should be quashed.

The demurrer filed by respondents admits all facts

well pleaded, and, for the purpose of the question herein decided, we find the following state of facts:

Senate bill No. 165 was passed by both houses and was properly signed by the presiding officer of each. On March 11, 1929, at 4:40 p. m., upon request of the Governor, the secretary of the senate delivered said bill to the office of the Attorney-General for his opinion touching the legality thereof. That thereafter, between 5 p. m. and 7 p. m., said senate bill No. 165 was, at the request of the Governor, delivered to the office of the Governor, and the Governor talked with various persons who were interested in said bill concerning the same.

The final adjournment of the 76th session of the General Assembly occurred at 12 p. m. midnight March 11, 1929.

Said bill did not contain any emergency clause, neither was it published nor distributed to the clerks of the circuit courts of the several counties of the state, or declared by the Governor to be in effect as required by §28, Art. 4, Constitution, §131 Burns 1926, and §246 Burns 1926.

Said Senate bill No. 165 was never approved by the Governor, neither was it returned with his objections. The bill was retained by the Governor and is still in his office.

If Senate bill No. 165 ever became a law it was by lapse of time, as provided by the first part of §14, Art. 5, Constitution. Relatrix herein contends that the acts of the Governor as above related prevent the application of the last provision of §14, Art. 5, of the Constitution which provides: "But no bill shall be presented to the Governor within two days next previous to the final adjournment of the General Assembly."

Relatrix cites several cases in support of her contention, where, it is contended, acts of the General Assembly were presented to the Governor during the two days next

previous to the final adjournment and were held to be legally passed. *State, ex rel.,* v. *Wheeler* (1909), 172 Ind. 578, 89 N. E. 1; *Bender* v. *State* (1876), 53 Ind. 254; *Board, etc.,* v. *Burford* (1883), 93 Ind. 384; *Western Union Telegraph Company* v. *Taggart* (1894), 141 Ind. 281, 40 N. E. 1051.

The rule laid down in these cases does not go as far as relatrix would have us go in the instant case. It will be observed in each of the cases cited by relatrix that the bills there questioned were properly authenticated by the proper officer of each house, and had either been approved by the Governor or else he had deposited them with the Secretary of State, without his approval, and the court stated the rule in *Board, etc.,* v. *Burford, supra,* as follows: "The act of 1875, providing that all contracts for the purchase of stationery and other articles for the use of county officers shall be made by the board of commissioners, is found in the proper depository, is duly authenticated by the signatures of the presiding officers of both branches of the General Assembly, is in title and contents constitutional, and it is therefore, the duty of the courts and the people to assume that it was enacted in conformity to the provisions of the constitution of the State, and not to look behind it to ascertain whether the executive and legislative branches of the state government obeyed the mandates of the organic law. The plain reason for this, as demonstrated by the cases cited, is that there is no higher evidence than the duly authenticated enrolled bill *resting in the depository* designated by the supreme law." (Our italics.)

In the case at bar, the facts do not come up to the above-stated rule in that the bill is not found in the depository designated by the supreme law.

In *Tarlton* v. *Peggs* (1862), 18 Ind. 24, this language is used: "Among other duties devolved upon the Secretary of State is that of keeping and preserving the manu-

scripts containing the enrolled acts, etc., of the General Assembly, etc. As this officer is thus, by the fundamental and statute law, made the custodian of recently passed acts of the Legislature—his office is the place where the citizen should apply for official information in reference to such laws; both as to the time at which they shall take effect, and the contents thereof; it would seem that when acts of the legislative department have, as in this instance, passed into the hands of this custodian, that they should be regarded as having thus far passed through the ordeal provided by the Constitution."

In order for us to declare Senate bill No. 165 a law, we would have to extend the rule as laid down in the cases above cited, or additional facts showing that the bill had become a law would have to be pleaded, as was done in *State, ex rel.,* v. *Grant Superior Court* (1930), *ante* 197, 172 N. E. 897.

The bill here in question was presented, or attempted to be presented, to the Governor between 5 and 7 o'clock p. m. on the last day of the session. No official action was taken by him, neither was there any obligation imposed upon him to act, as the bill was not presented to him more than two days next previous to the final adjournment of the General Assembly. We, therefore, conclude that relatrix' petition for an alternative writ of mandate is insufficient and respondents' demurrer thereto should be sustained. Having thus concluded, we need not discuss the other questions presented by respondents' demurrer to the petition.

The finding of the court is for the respondents, and that the writ heretofore issued by the court upon the presentation of the petition, which restrained respondent from exercising jurisdiction of the cause against relatrix then pending in the Lawrence Circuit Court should be quashed.

It is, therefore, adjudged that the relatrix take nothing, and that the writ heretofore issued be quashed and that relatrix pay the costs of this action.