### *City of New Albany v. New Albany Street Railroad Company et al.

[No. 21,129. Filed April 20, 1909. Rehearing denied June 11, 1909.]

1. Municipal Corporations.—*Powers.*—*Notice.*—All persons are conclusively presumed to know the extent of the powers and authority vested in municipal bodies. p. 490.
2. Municipal Corporations.—*Police Power.*—*Alienating by Contract.*—Municipal corporations cannot bargain away their police powers. p. 490.
3. Police Power.—*Restrictions On.*—The exercise of the police power is restricted only to the necessary protection or promotion

of some public interest, and the mode of exercise must be reasonably calculated to attain such purposes. p. 490.

4. MUNICIPAL CORPORATIONS.—*Police Power.—Ordinances.*—A city ordinance passed in the exercise of the police power, which is not necessary to effect some public purpose, and which injuriously affects the citizens, is invalid. p. 491.

5. MUNICIPAL CORPORATIONS.—*Ordinances.—Safety.—Street Railroads.—Character of Rails Used.*—A city ordinance requiring a street railroad company to lay Johnson or girder rails, on streets paved with vitrified brick, is valid, if they afford greater safety to those using the streets, even though a former ordinance permitted the use of T rails. p. 491.

6. POLICE POWER.—*Legislative or Judicial Question.*—The question of the expediency of the exercise of the police power is a legislative one, and whether the subject is a proper one, or whether the method provided constitutes an invasion of private right, are judicial questions. p. 491.

7. PLEADING.—*Complaint.—Injunction.—Street Railroads.—Laying Rails of Particular Kind.*—A complaint to compel a street railroad company to lay a particular kind of rail in the streets, as required by a city ordinance, alleging "that safe and permanent streets can be made with vitrified paving brick, upon which street railroads operate their cars, only where such street-car tracks are constructed with Johnson or girder rails," is sufficient on demurrer. p. 492.

8. TRIAL.—*Motions to Make More Specific.—Pleading.*—A motion to make more specific is the proper remedy for an ambiguous or uncertain complaint. p. 492.

From Floyd Circuit Court; *William C. Utz,* Judge.

Suit by the City of New Albany against the New Albany Street Railroad Company and another. From a judgment for defendants, plaintiff appeals. *Reversed.*

*John H. Weathers,* for appellant.

*Charles D. Kelso* and *Miller, Shirley & Miller,* for appellees.

HADLEY, J.—Appellant seeks to enjoin appellees from constructing their railroad track on Vincennes street, in appellant city, with a certain kind of rail known as T rails. In addition, appellant seeks to compel appellees, by mandatory injunction, to lay their said tracks, on Vincennes

street in said city, with a rail known as Johnson, or girder, rails.

The controversy arises upon three ordinances passed by appellant city relating to the relaying of the street-car tracks through the streets of the city.

On December 15, 1902, a franchise was granted to appellee New Albany Street Railroad Company to operate a street railway system in the city of New Albany, by the terms of which the company was to use Johnson, or girder, rails on all streets that the city should repave with asphalt or brick. On August 5, 1903, the council passed an ordinance giving permission to the company to use T rails instead of Johnson rails on streets to be rebuilt. On May 1, 1905, the council passed an ordinance annulling the authority to use T rails, and requiring the use of Johnson rails, as provided by the original ordinance. The Louisville and Southern Indiana Traction Company is operating the street-car system of the city of New Albany as lessee of the New Albany Street Railroad Company. On February 21, 1906, appellant, through its board of public works, entered into a contract to improve Vincennes street with vitrified brick, and immediately gave notice to both appellees that, in relaying their track, as they were required to do under the ordinance, they should relay the same with Johnson or girder rails. This order of the board was ignored. Appellees proceeded to relay the track with T rails, and this suit followed.

The separate demurrers of appellees to the complaint, for an insufficiency of facts were sustained, and, appellant refusing to amend, judgment was rendered that it take nothing, and pay the cost of the proceeding.

Whether the ordinance of August, 1903, was valid and irrevocable after acceptance by appellees, or whether it was without consideration, and amounted to nothing more than a mere naked license, revocable at the pleasure of either party (which propositions are vigorously contested in the

briefs), become unimportant and immaterial under the view we have taken of the case.

The controlling question in the appeal arises upon the following averments of the complaint: ''Plaintiff avers that said T rails, so being laid by said defendants, are not the proper rails for street-car tracks upon streets or public ways paved or to be paved with vitrified brick; that permanent and safe streets can be made with vitrified paving brick, upon which street railroad companies operate their cars, only where such street-car tracks are constructed with Johnson, or girder, rails.''

1. It is a familiar doctrine that persons dealing with city councils in this State must take notice of the powers and authority vested in such bodies. *City of Indianapolis* v. *Wann* (1896), 144 Ind. 175, 31 L. R. A. 743; 1 Dillon, Mun. Corp. (4th ed.), §447.

2. All must, therefore, take notice that a city council cannot bargain away or divest itself of the right to make reasonable laws, and to exercise the police power, whenever it becomes necessary to conserve or promote the health, safety or welfare of the community. Any attempt at limitation, by charter contract or otherwise, is futile. *Vandalia R. Co.* v. *State, ex rel.* (1906), 166 Ind. 219, 224, 117 Am. St. 370; *City of Peru* v. *Gleason* (1883), 91 Ind. 566; *Schipper* v. *City of Aurora* (1889), 121 Ind. 154, 6 L. R. A. 318; *State, ex rel.,* v. *Murphy* (1898), 170 U. S. 78, 18 Sup. Ct. 505, 42 L. Ed. 955; 2 Elliott, Railroads (2d ed.), §664; 3 Elliott, Railroads (2d ed.), §1082.

3. The only restriction upon such power is that it must be necessary to the protection or promotion of some public interest or welfare, and the mode of its exercise reasonably calculated to accomplish the end sought, with due regard for the fundamental rights of the citizen guaranteed by the Constitution. *Camfield* v. *United States* (1897), 167 U. S. 518, 523, 17 Sup. Ct. 864, 42 L. Ed. 260; Cooley, Const. Lim. (6th ed.), 710; 1 Dillon, Mun. Corp.

(4th ed.), §142; Tiedeman, Lim. Police Power, §194; Russell, Police Powers, 27; 2 Elliott, Railroads (2d ed.), §§664, 665, and notes. In *Camfield* v. *United States, supra,* Mr. Justice Brown said: "The police power is not subject to any definite limitations, but is coextensive with the necessities of the case and the safeguard of the public interest."

It is not, therefore, within the power of a law-making body, under pretense of exercising the police power of the State, to pass a law or ordinance not necessary to the preservation of the public safety or health, and which will injuriously affect the private rights of the citizen. *Toledo, etc., R. Co.* v. *City of Jacksonville* (1873), 67 Ill. 37, 16 Am. Rep. 611; 2 Elliott, Railroads (2d ed.), §664.

To state the proposition within still narrower limits: Assuming that the ordinance of August, 1903, is valid, appellant city had no right to invoke the police power arbitrarily to require appellees to put down the Johnson, or girder, rails instead of T rails, if the former would afford no greater safety or accommodation to the public in the use of the street. To grant otherwise would be in clear violation of the due process of law and equal protection clauses of the 14th amendment to the federal Constitution. While, on the other hand, if the girder rails would make the surface of the street, when paved with vitrified brick, smoother, and render it safer and more substantial or more comfortable to citizens in crossing and recrossing in vehicles, then, notwithstanding the ordinance of 1903 to the contrary, the city might, in the dominant right of the public, require the abandonment of the T rails for girder rails. *Baltimore* v. *Baltimore Trust, etc., Co.* (1897), 166 U. S. 673, 17 Sup. Ct. 696, 41 L. Ed. 1160.

It is true as a general proposition that the exercise of the police power is a question for the legislature. It is on all hands conceded that that body is the exclusive judge of the time for, and the expediency of, its exercise, and generally of the subjects upon which it shall oper-

ate, yet whethei the subject is a proper one, or whether the mode of exercise provided by the lawmaking body is in derogation of personal rights protected by the Constitution, is universally acknowledged to be a question for the courts. *State* v. *Gerhardt* (1896), 145 Ind. 439, 451, 33 L. R. A. 313; *Commonwealth* v. *Bearse* (1882), 132 Mass. 542, 549, 42 Am. Rep. 450; Russell, Police Power, 27; 2 Elliott, Railroads (2d ed.), §664.

In *Commonwealth* v. *Bearse, supra,* it is said: "The legislature is largely the judge of its own powers in reference to these matters. If it can be seen, indeed, that the rights of property are invaded under the pretense of a police regulation, it would be our duty to interfere to protect them." In 2 Elliott, Railroads (2d ed.), §664, on the same subject, is the following statement: "The question whether there is a reasonable necessity for the exercise of the police power or not, and the question whether the subject is one within the field of the police power, are judicial questions."

Under these principles, our question is clearly a judicial one, and amounts to this: Is the ordinance, requiring appellees to put down girder rails, instead of T rails, in the reconstruction of their track in Vincennes street, a proper and warrantable exercise of the police power?

The complaint charges "that safe and permanent streets can be made with vitrified paving brick, upon which street railroad companies operate their cars, only where such street-car tracks are constructed with Johnson, or girder, rails."

This averment, though not very full, is sufficient to put appellees upon their answer. If not as explicit as it should be, or as desired by appellees, they had their remedy by motion.

The judgment is reversed, with instructions to overrule the separate demurrers to the complaint.