## City of Indianapolis et al. *v.* Indianapolis Light and Heat Company.

[No. 21,544. Filed May 23, 1911. Rehearing denied April 23, 1912.]

1. APPEAL.—*Form of Judgment.—Right to Appeal.*—Where, in an action to recover damages in the sum of $25,000 awarded by the board of public works in a track elevation proceeding, the judgment of the trial court was that plaintiff recover of the defendant city $3,819.41, and as to the balance of plaintiff's damages awarded by said board of public works, if defendant city should advance or pay to plaintiff the whole or any part thereof, it should be entitled to credit therefor in the equitable settlements between it and the railroad companies that were codefendants, each of such codefendants has the right to appeal therefrom though it is not a direct judgment against them. p. 403.

2. APPEAL.—*Right to Appeal.—Effect of Payment of Judgment Conditionally.*—Where defendant paid to plaintiff the amount of

Indianapolis *v.* Indianapolis Light, etc., Co.—177 Ind. 396.

a judgment under a written agreement that if it should appear on final adjudication after appeal that the defendant ought not to have paid such judgment, the plaintiff would . return the money to defendant, the defendant is not thereby barred from prosecuting an appeal from such judgment. p. 404.

3. RAILROADS. — *Track Elevation Proceedings.* — *Assessment of Damages.—Authority of Board of Public Works.*—The authority of the board of public works in proceedings to elevate railroad tracks is limited by the statute (§§8864-8872 Burns 1908, Acts 1905 p. 144), and no right of action can be based on an assessment or award of damages made by it without a showing that it had the power and authority to make same. p. 405.

4. RAILROADS. — *Track Elevation Proceedings.* — *Assessment of Damages.—What Damages May be Assessed.*—Under the track elevation statute (§§8864-8872 Burns 1908, Acts 1905 p. 144), the board of public works can only assess such damages as may be recoverable under existing law. p. 406.

5. MUNICIPAL CORPORATIONS.—*Track Elevation Proceedings.—Injury to Abutting Property.—Damages.*—There can be no recovery of consequential damages for injury to abutting property caused by changes made in the street grade in furtherance of the public improvement of elevating railroad tracks within the city. p. 407.

6. MUNICIPAL CORPORATIONS.—*Police Power.—Use of Streets.— Franchise.*—A city, in the proper and lawful exercise of its police power, may require the temporary removal or change of conduits, pipes, etc., placed in a street, although no reservation of such right had been made by the city in the franchise under which the street was occupied. p. 408.

7. MUNICIPAL CORPORATIONS.—*Use of Streets.—Track Elevation Proceedings.—Damages.*—Where, in the ordinance granting a franchise to a heat and light company to lay pipes and conduits in its streets, the city reserved the right to order any change or changes made from time to time in any part of said company's plant located in the streets when in the way of any public improvement, and provided that all such changes should be made by the company without expense to the city, such company cannot recover damages incurred by reason of the change and removal of pipes and conduits resulting from the act of the city in requiring the railroad tracks in its streets to be elevated. p. 409.

8. RAILROADS.—*Streets.—Track Elevation Proceedings.—Damages. —Personal Judgment.*—By §8869 Burns 1908, Acts 1905 p. 144, it is not contemplated that there shall be an action either against the city or the railroad companies interested to recover a personal judgment for the cost or expense incurred in elevating railroad tracks. p. 412.

From Superior Court of Marion County (73,669) ; *Vinson Carter,* Judge.

Action by the Indianapolis Light and Heat Company against the City of Indianapolis and others. From a judgment for plaintiff, the defendants appeal. *Reversed.*

*Joseph B. Kealing, Merle N. A. Walker, Newton J. McGuire, Elam, Fesler & Elam, F. Winter, Baker & Daniels, Samuel O. Pickens, John G. Williams, Leonard J. Hackney* and *Frank L. Littleton,* for appellants.

*John E. Scott, Elmer E. Scott, Addison C. Harris, Pickens, Cox & Conder, Harvey & Harvey,* for appellee.

Jordan, C. J.—Appellee, as plaintiff in the lower court, originally instituted this action against the city of Indianapolis as sole defendant to recover the sum of $25,000, that being the amount of an assessment made in favor of the plaintiff by the board of public works of the city of Indianapolis, on account of damages claimed to have been suffered by it on account of changes made in the grades of certain streets in the city of Indianapolis, by work performed under and in pursuance of a resolution adopted by said board as authorized by an act of the legislature known as "the track elevation statute," passed on March 3, 1905 (Acts 1905 p. 144, §8864 Burns 1908).

A demurrer by the city to the original complaint, on account of defect of parties defendant, was sustained. Thereupon plaintiff filed an amended complaint, whereby it made the following parties codefendants in the action, along with the city of Indianapolis: Vandalia Railroad Company, Cleveland, Cincinnati, Chicago and St. Louis Railway Company, Cincinnati, Indianapolis and Western Railroad Company, Indianapolis Union Railway Company, Indianapolis Traction and Terminal Company, Indianapolis Street Railway Company, Board of Commissioners of the County of Marion, and Town of Woodruff Place, of Marion county, Indiana.

Briefly stated, it may be said that this amended complaint discloses the character and nature of the several corporations, and the business in which each was engaged, together with plaintiff's and defendants' ownership of certain property, the situation of the real estate and property, and the use to which it was applied. It alleged the adoption by the board of public works of the City of Indianapolis of track elevation resolution No. 1, under and pursuant to the aforesaid statute. The complaint disclosed that said resolution was adopted by the board of public works for the purpose of altering the grade of crossing or crossings of steam railroad track or tracks, and for the purpose of elevating or depressing such tracks where they cross any street or highway in said city. The pleading alleged that notice of the adoption of this resolution was published once each week for two consecutive weeks in the Indianapolis Sentinel, a daily newspaper of general circulation published in said city; that in said notice, May 29, 1905, was fixed as the time at which the board of public works would receive and hear remonstrances from persons interested in and affected by such improvement; that in addition to the publication aforesaid, the board caused ten days' written notice of such hearing to be served on a resident officer of the steam railroad and street railway companies whose tracks are affected by the proceedings, and on the Board of Commissioners of the County of Marion, Indiana, and on the town clerk of the Town of Woodruff Place, an incorporated town within and surrounded by the city of Indianapolis.

It further shows that on plaintiff's remonstrance, such proceedings were had before the board of public works that said board assessed damages in favor of appellee in the sum of $25,000, which damages the board stated were recoverable under existing laws on account of such elevation of tracks. The board adopted and approved the list of assessments of damages as modified, and declared that said assessment of damages so awarded to the Indianapolis Light and Heat

Company be deemed a part of the expense of the improvement ordered and directed by the track elevation resolution, and that said expense should be borne by the proper parties in interest, mentioned in said track resolution as therein and by law provided, and that the same be included in an equitable settlement to be hereafter adjusted by said board of public works between the parties in interest as contemplated by said track elevation resolution and as provided by law. The assessment in question was filed in the office of the board of public works, etc. This amended complaint demands judgment in favor of plaintiff, against each and all defendants, for $30,000, and all proper relief.

Each defendant separately demurred to the amended complaint for want of facts. These demurrers were overruled and exceptions reserved. Separate answers by way of general denial, and by setting up affirmative matter, were then filed by the several defendants. On the issues as joined there was a trial by the court, and a finding in favor of plaintiff.

The court found that on August 24, 1906, the board of public works of the city of Indianapolis, acting under elevated track resolution No. 1, and at the time having jurisdiction of the cause and of the parties affected by said elevated track resolution, held that plaintiff had suffered damages in the sum of $25,000 by the proceedings under said elevated track resolution, and that such damages were recoverable under existing law, and on such decision said board made a final assessment, fixing plaintiff's damages at the sum of $25,000; that there was no appeal from such decision and assessment by any of the defendants to this action; that by reason of such assessment and failure to appeal, said assessment has become and is now adjudicated as against the defendants herein, both as to the amount thereof, and that said amount is for damages recoverable under existing law. And the court now finds that plaintiff has sustained damages in the sum of $25,000, recoverable under existing law; that there is due to plaintiff from defendant City of Indianapolis

on said assessment of damages, as the proportion of said damages to be paid by it, as apportioned by law, sums as follows (here the percentage to be paid by the city is set out, with the interest, etc., making a total of $4,296.83), and that the plaintiff is entitled to a judgment herein against the defendant for the amount.

The court further found that as to the remainder of plaintiff's damages, assessed as aforesaid in the sum of $21,180.59, defendant City of Indianapolis may, if it desires, advance the money as a part of its portion of the expense of the improvement and work ordered and completed under said elevated track resolution, and in the event of such advancement and payment it will be entitled to credit therefor in the equitable settlements between the parties as provided by law, but it is not required to make such advancement; that it is the duty of the board of public works of the city of Indianapolis at once to make equitable settlement between the defendants interested in the improvement and work ordered and completed under said elevated track resolution, in such manner as that the total cost of the alterations ordered by and completed under said resolution, including as a part of said cost the plaintiff's said damages, shall be apportioned between the parties as theretofore decided by said board, and as provided by law, fixing in said settlement the amount due from each defendant, steam railroad and street railroad companies and board of commissioners of the county of Marion, and on such adjustment, or in case of appeal by any party, on the decree, each party defendant shall pay its proportion of such cost as directed by such settlement or decree, and in default in the payment aforesaid, by any party, the amount assessed against such party by such settlement or decree, remaining unpaid, shall be certified by said board of public works, etc.

On its finding the court adjudged and ordered that the plaintiff recover of defendant City of Indianapolis the sum

of $3,819.41, together with interest thereon, making a total upon this item of damages of $4,296.83, together with its costs and charges laid out and expended.

The court further ordered that the defendants other than the City of Indianapolis each pay their own costs made by them respectively.

It was further adjudged by the court that as to the balance of plaintiff's damages assessed as aforesaid, if defendant City of Indianapolis shall advance and pay to plaintiff the whole or any part thereof, as a part of its portion of the expense of said improvement and work, it shall be entitled to credit therefor in the equitable settlement or settlements between the parties defendant to be made as provided by law, and that, on payment to or collection by said city of any portion of said plaintiff's damages, by or from any of the defendants liable therefor, not theretofore advanced and paid by the city to the plaintiff as aforesaid, if the city shall fail or refuse at once to pay the amount to plaintiff when so received or collected, plaintiff will then have its action therefor against defendant city.

It was further considered and adjudged that the finding and judgment of the court in this cause shall not in any manner affect the power of the board of public works of the city of Indianapolis to adjust an equitable settlement among the parties interested in said work and parts thereof.

The separate motion of each defendant for a new trial, assigning various reasons therefor, was overruled by the court, to which ruling proper exceptions were reserved.

The proceedings had before the board of public works were filed as exhibits and made a part of the complaint. In its remonstrance filed before the board, appellee claimed damages on account of the change of the street grades which, as alleged, affected its easement of access to its property and to the light and air which it enjoyed. On this point it appears, from the proceedings had before the board, that the latter assessed damages in favor of appellee, including inter-

est in the sum of $4,296.83; and a further sum of $21,180.59 was assessed by the board in favor of appellee, as the proceedings disclose, on account of the changes which appellee was required to make in its conduits, cables, wires, etc., these being a part of the lighting and heating plant it was operating under and pursuant to a franchise granted by the city of Indianapolis. The damages assessed by the board in favor of appellee, on account of these changes, amounted to $25,477.42, which damages, as stated by the board of public works in its record, were recoverable by appellee under existing laws as provided by the track elevation statute.

No direct judgment for the recovery of any part of the damages assessed by the board of public works, as set up in the complaint, was rendered against any appellant, other than the City of Indianapolis. Nevertheless, if the judgment can be sustained, each will be very materially affected and bound thereby. Consequently, each has the right to appeal therefrom. The judgment at least professes to bind all the appellants, for the court therein adjudged and decreed that if the city of Indianapolis elected, it might pay the damages in question, and in that event it should have the right to collect the amount so paid by it from its codefendants (coappellants herein) as a part of the cost and expense arising out of the work in making the improvement.

1.

In passing, however, it may be said that it does not appear that there was any cross-pleading on the part of any defendant and appellants' counsel therefore advance the contention that a portion of the judgment is outside of the issues tendered by the complaint, and hence is invalid and of no avail. On account of the conclusion which we have reached, it is not essential that we consider appellants' contention in this respect.

Separate assignment of errors by each appellant has been filed. Appellee has filed a special plea or answer in bar of the separate assignment of errors filed by appellant City

of Indianapolis. Under this plea, it contends that the appeal of the city should be dismissed.

It appears that after judgment was rendered in the lower court, an agreement was entered into between appellee and the city of Indianapolis, the latter acting through its board of public works. Under this agreement it appears that the city turned over, conditionally, to appellee the sum of $25,000. It was provided in the agreement that in the event any of the parties in this cause should appeal from the judgment rendered by the Superior Court of Marion County, then if said judgment should be reversed, modified or a new trial ordered, and "if upon final adjudication in said cause, following such appeal or appeals, it shall appear that the city of Indianapolis ought not to have paid the company [appellee herein] the whole or any part of its said damages, in that event, the company, on demand, covenants and agrees to repay and refund to the city so much of said damages as it shall appear the city ought not to have paid the company, and final settlement, upon such final adjudication, shall be made between the parties hereto in all respects pursuant to the rights and liabilities of the parties as found and determined by such final adjudication."

For the full and faithful performance of its agreement, appellee gave a bond in the sum of $25,000.

It is manifest, we think, that the city of Indianapolis by its action under this agreement is not barred from prosecuting this appeal. By turning the money over to appellee, as shown, the city cannot be said thereby to have affirmed the validity of the judgment rendered in the lower court. It accepted no benefits under the judgment. All that it did was to turn the money over to appellee, on the condition that it should be returned to it by appellee, in the event, on a final adjudication, after an appeal, the city was held not to be liable to appellee for any part of the damages in question. Elliott, App. Proc. §§151, 152. In §152, *supra,* it is said: "It is obvious that there is an essential difference between

one who pays a judgment against him and one who accepts payment of the sum awarded him by a judgment. Payment by a party against whom a judgment is rendered may often be necessary to protect his property from sacrifice. * * * Our cases holding that payment by the defendant does not estop him from prosecuting an appeal rest on solid ground and are sustained by the decisions of other courts.'' In fact, it appears that appellee, under the agreement in question, did not intend to cut off the city's right to appeal, for it is provided by the agreement that in the event any of the parties in the case should appeal, and the judgment should be reversed, etc.

The evident theory of the complaint, and the one accorded to it by the lower court, was that the assessment made by the board of public works, and the one on which this action is based, was the equivalent of a judgment of a court against the city of Indianapolis and its codefendants; that inasmuch as no appeal had been taken, the assessment, as made by the board was conclusive and binding against all the parties, and was not subject to collateral attack in this action. In fact, it appears that this theory was entertained by the trial court throughout the trial of the cause, as appellants were not permitted to introduce any evidence to show that appellee was not entitled to recover.

Appellant's counsel earnestly insist that the trial court was wrong in holding that the board of public works, in assessing the damages in question, acted within its jurisdiction, and that its decision in the matter, whether right or wrong, is binding and conclusive on all the parties in this cause. This board is nothing more than a mere administrative or ministerial tribunal, with limited powers or jurisdiction. It has only such power as is expressly or impliedly conferred on it by statute. By the track elevation statute, this board was selected to perform certain administrative duties; therefore its authority or power to act as it did in the premises must be found in,

and limited by the provisions of that statute. It must, therefore, necessarily follow that if the board had no power under this law to make the particular assessment, and the award of damages in favor of appellee, then, under the circumstances, its act in so doing was a nullity, and in no sense binding or conclusive on any of appellants. *Senour* v. *Ruth* (1895), 140 Ind. 318, 39 N. E. 946; *State Board, etc.,* v. *Holliday* (1898), 150 Ind. 216, 49 N. E. 14, 42 L. R. A. 826; *Hart* v. *Smith* (1902), 159 Ind. 182, 64 N. E. 661, 58 L. R. A. 949, 95 Am. St. 280; *Klein* v. *Nugent Gravel Co.* (1904), 162 Ind. 509, 70 N. E. 801, and authorities cited; *Cain* v. *Allen* (1907), 168 Ind. 8, 23, 79 N. E. 201.

Appellee could not base any right of action on the assessment in question as against any of the appellants, without showing that the board of public works, under the provisions of the statute, was empowered or authorized to make it. *Klein* v. *Nugent Gravel Co., supra.*

The question arises, What damages had the board of public works the power or authority under the law to determine and assess in favor of appellee? Section 5 of 4. the track elevation act of 1905 (Acts 1905 p. 144, §8868 Burns 1908) specifically answers this question by the provision therein that "said board [*i. e.* the board of public works] shall likewise determine the damage, if any, which may be recoverable under existing law by any person, firm or corporation on account of such elevation or depression of tracks."

Again, in §2 of the same statute (§8865 Burns 1908) it is declared that the damages, if any, recoverable under existing law by any person, firm or corporation, shall be included as a part of the expense to be borne by all of the parties interested. It will be noted that under the provisions of the statute the board is tied down to, and empowered to determine only such damages, if any, as may be recoverable under existing law.

As shown on the face of the proceedings of the board of

public works, the assessment in controversy consisted of two parts, the first being, in round numbers, $4,000, assessed and awarded on account of the changes of the grades of certain public streets, which changes were made by the city of Indianapolis in making the improvement in question; the second being, in round numbers, $21,000, arising out of changes which the city required appellee to make in its conduits, cables, wires and poles, and other appliances connected with its lighting and heating plant, on Kentucky avenue, Louisiana, Missouri and West streets.

In *Morris* v. *City of Indianapolis* (1911), *ante,* 369, 94 N. E. 705, which appeal arose out of the same public improvement as does the case at bar, we held that there was no law under which plaintiffs in that case had a right to recover against the city on account of consequential damages suffered by reason of the changes made in the grades of certain public streets. In that case, in considering what the statute contemplated by the term or word "recoverable", we said: "The meaning of the term 'recoverable' is well understood. Its plain, ordinary and natural meaning is that which is capable of being recovered. 'Obtainable from a debtor or possessor, as by legal process.' Or, in other words, it means that which can be recovered as a matter of legal right." Citing authorities.

This latter decision, under the circumstances, must rule the question, and warrants the holding in this appeal that there was no existing law under which appellee in this case had the right to recover consequential damages which it claimed to have sustained as abutting property owner by reason of the changes which the city of Indianapolis made or required to be made in furtherance of the public improvement of elevating the tracks of the several railroads operating within the city.

The next question is, Was the item of $21,000, assessed by the board, recoverable of the city as damages claimed to have been sustained by appellee in removing its conduits,

6. pipes, etc., as required by the city, from beneath the surface of the public streets, and placing them deeper thereunder, in order that they might not interfere with the public improvement which the city was engaged in making under the authority of the track elevation statute. Appellee used and occupied the public streets of the city in question with its conduits, wires, poles, etc., under a franchise granted to it by the city of Indianapolis. Under this franchise it was subject to the right of the city, in the proper and lawful exercise of the police power, to require the temporary removal or change of its conduits, pipes, etc., although no such reservation had been made by the city in the franchise under which it granted the right to appellee to occupy public streets. However, in the ordinance adopted by the city of Indianapolis under which appellee was granted the right to use and occupy the streets with its pipes, conduits, poles, etc., in operating its lighting and heating plant, it was expressly stipulated that "the right is hereby reserved by the board of public works to order any change or changes made from time to time in any part of said company's plant located in the streets, alleys and public places when in the way of any public improvement of said city, and to change the location of individual posts and guy-stubs, when necessitated by any private convenience, within the judgment of the board of public works, all such changes to be made by said company without expense to said city." It is further stated in this ordinance that "it is agreed by the parties hereto that by fixing the area within which the conduits, ducts and wires of said plant shall be placed underground, the right of the common council to hereafter exercise any of the police powers of said city shall not be in any wise restricted or abridged. Nothing contained herein shall preclude the city from prosecuting or authorizing any public work of any character, but in the prosecution of any public work, or improvement hereafter, the said board of public works shall have the right, if it deem

the same necessary, to require the temporary removal of any wire, pipe, conduit, duct or appliance authorized by this contract to be laid, and the same shall be removed or necessary changes made therein by said company so as to conform according to the terms of this contract with the surface grade of any unimproved street, avenue, alley or public place ordered to be improved on the order and requirement of the board, and in case of failure on the part of said company to comply with any such order or requirement, then the said board may make such removal or change, and the necessary cost thereof shall be paid by said company to the city comptroller upon proper demand being made therefor. The board of public works of said city shall at all times have the right to inspect, superintend and reasonably control, * * * and to order any change made from time to time for city purposes, all such changes to be made by said company without expense to the city. * * * It shall be understood that the city of Indianapolis shall not be precluded from prosecuting or authorizing any future public work of any character by reason of the underground work of said company, and the board of public works shall have the right to order the temporary removal of any conduit or appurtenance or the reconstruction of the same, whenever deemed necessary to the successful prosecution of any public work; and all such work of removing and reconstructing any underground structure of said company shall be done by the latter at its own expense, and shall be done promptly when ordered by the board of public works.''

It will be noted, therefore, that the city, in the contractual franchise with appellee, expressly reserved its right, under the police power, to require appellee to make

7. just such changes in its conduits, wires, ducts, underground work and poles at its own expense as it was required and ordered to do by the city in carrying out the improvement in question.

It follows, that the item of $21,000, assessed by the board,

was not, under the facts, recoverable by appellee under any existing law. Such damages, if any, merely resulted by the act of the city in making the improvement in question, which was made by it, as we held in the case of *Morris* v. *City of Indianapolis, supra,* in the lawful and proper exercise of the police power. In granting the franchise to appellee, the city could not bargain away its police powers. This it did not profess to do, but, on the contrary, by the provisions of the ordinance it expressly reserved the exercise of such power. In support of our holding that these alleged damages were not recoverable by appellee, see the following cases: *Vandalia R. Co.* v. *State, ex rel.* (1906), 166 Ind. 219, 76 N. E. 980, 117 Am. St. 370; *City of New Albany* v. *New Albany St. R. Co.* (1909), 172 Ind. 487, 87 N. E. 1084; *Grand Trunk, etc., R. Co.* v. *City of South Bend* (1910), 174 Ind. 203, 91 N. E. 809; *New Orleans Gas Light Co.* v. *Drainage Com., etc.* (1905), 197 U. S. 453, 25 Sup. Ct. 471, 49 L. Ed. 831; *Scranton Gas, etc., Co.* v. *Scranton* (1906), 214 Pa. St. 586, 64 Atl. 84, 6 L. R. A. (N. S.) 1033; *Anderson* v. *Fuller* (1906), 51 Fla. 380, 41 South. 684, 6 L. R. A. (N. S.) 1026 and note; *Home Bldg., etc., Co.* v. *City of Roanoke* (1895), 91 Va. 52, 20 S. E. 895, 27 L. R. A. 551; *Chicago, etc., R. Co.* v. *People, ex rel.* (1906), 200 U. S. 561, 26 Sup. Ct. 341, 50 L. Ed. 596.

In *New Orleans Gas Light Co.* v. *Drainage Com., etc., supra,* the gas company had a contract with the city of New Orleans, whereby it had the exclusive privilege of vending gas therein, and to lay pipes and conduits at its own expense in the public streets. By an act of the legislature of the State of Louisiana, a board known as the drainage commission of New Orleans was created. This board was given power to control and execute a plan for draining the city. The board, after adopting a system of drainage, and proceeding with the construction thereof according to the plans, found it necesary to change the location in some

places in the streets of the city of New Orleans of the mains and pipes laid by the gas company therein. These changes were made as a case of necessity, and with as little interference as possible with the property of the gas company. It was held by the court that the gas company could not recover any compensation. In the course of its opinion the court said: "It is the contention of the plaintiff in error that, having acquired the franchise and availed itself of the right to locate its pipes under the streets of the city, it has thereby acquired a property right which cannot be taken from it by a shifting of some of its mains and pipes from their location to accommodate the drainage system, without compensation for the cost of such changes. * * * It is admitted that in the exercise of this power [police power] there has been no more interference with the property of the gas company than has been necessary to carrying out of the drainage plan. There is no showing that the value of the property of the gas company has been depreciated nor that it has suffered any deprivation further than the expense which was rendered necessary by the changing of the location of the pipes to accommodate the work of the drainage commission. The police power, in so far as its exercise is essential to the health of the community, it has been held cannot be contracted away. * * * It would be unreasonable to suppose that in the grant to the gas company of the right to use the streets in the laying of its pipes it was ever intended to surrender or impair the public right to discharge the duty of conserving the public health."

In the case of *Scranton Gas, etc., Co.* v. *Scranton, supra,* the city, together with the railroad, constructed a viaduct over a railway track. This made it necessary for the gas company to move some of its pipes which were laid in the streets. It was held in that case that the city was under no obligation to pay any compensation for the work done in changing these pipes.

The same rule was affirmed and enforced in *Anderson* v. *Fuller, supra.*

From the fact that the work performed in elevating or depressing the railroad tracks was a public or street improvement, as we held in the case of *Morris* v. *City of Indianapolis, supra,* and as we now reaffirm, the city had the power to require that the conduits, pipes, etc., connected with appellee's lighting and heating plant, wherever they interfered with the work of making said improvement, be changed or removed, and that such pipes and conduits, if necessary, be placed deeper under the surface of the streets, in order to prevent such interference.

As neither item of damages assessed and awarded by the board of public works in favor of appellee was recoverable under any existing law, it necessarily must follow that the act of the board in assessing and awarding such damages was not within the authority or jurisdiction conferred on it by the statute in question, and, under the authorities to which we have referred, its act must be held to be void, and the assessment made, not enforceable.

The method by which all legitimate costs or expenses, including any damages recoverable under existing law, shall be adjusted and apportioned among the parties in interest and liable therefor, and paid by each of them respectively, is provided by §6 of the statute in question (Acts 1905 p. 144, §8869 Burns 1908). This section does not contemplate that thereunder there shall be an action either against the city or any of the railroad companies to recover a personal judgment for the cost or expenses incurred in making the improvement.

For the reasons herein given, we conclude that the complaint does not state a right of action against any of appellants, and that each of the several motions for a new trial should have been sustained.

The judgment is therefore reversed, and the cause remanded, with instructions to the lower court to grant the

several motions for a new trial, and to sustain each and all of the demurrers to the complaint.

NOTE.—Reported in 95 N. E. 246. See, also, under (1) 2 Cyc. 633; (2) 2 Cyc. 647; (3) 33 Cyc. 293; (5) 28 Cyc. 1069; 53 Am. Dec. 366; (6) 28 Cyc. 888; (7) 28 Cyc. 1083; (8) 33 Cyc. 290.