## WILLIAMS *v.* CITY OF MICHIGAN CITY.

[No. 14,830.   Filed September 25, 1934.   Rehearing denied
December 15, 1934.   Transfer denied March 12, 1935.]

*Peppel & Kunkle,* and *Walter C. Williams,* for appellant.

*Miller, Mullen & Kreuger,* and *Neville V. Williams,* for appellee.

KIME, J.—In November, 1929, the mayor and city councilmen of the different wards, had been elected in the municipal election of Michigan City, a city of the fourth class. The election was held to fill the offices of the city government after the City Manager Plan, under which said city had been operating for the past eight years, had been declared unconstitutional by our Su-

preme Court. After the election the officers, who held the offices to which the newly elected officers were entitled, refused to surrender such offices, upon demand, but retained control of the offices, records, rooms, and departments of said city government.

Appellant, an attorney, not acting in the capacity of city attorney, instituted an action in *quo warranto* on relation of the State of Indiana, in which the newly elected officers were parties plaintiff and Fred C. Miller and others were defendants. Trial was had and the LaPorte Circuit Court found for the plaintiffs and entered an order ousting the then officers and establishing the parties, represented by appellant, as the lawful officers and, on appeal to the Supreme Court by the defendant, that judgment was sustained.

The complaint alleges that the services of appellant, as an attorney at law in the *quo warranto* suit, were requested by Harry B. Tuthill, mayor, Olin R. Berridge, Harvey H. Kriesel, and William C. Haviland, councilmen of the first, second, and fifth wards, respectively, and Harry Bennett, H. Gaylen Frey, and Charles Leist, councilmen at large of said city of Michigan City, who comprised the majority and a legal quorum of said city council and all of whom took oath and qualified for the respective offices before attempting to assume their duties.

In addition to the above allegations plaintiff's complaint, in brief, sets out that the services so rendered by appellant were valuable, important, and necessary to all the various governmental departments of said city; that the peace, safety, and welfare of said appellee were in jeopardy; that the legal affairs of said appellee could not be transacted by the legal officers of said city and that the determination of the proceedings which were carried to the Supreme Court of Indiana

were for the use and benefit of said appellee; and judgment for $5,000.00 was asked.

Appellee demurred to appellant's third amended complaint alleging that said complaint did not state facts sufficient to constitute a cause of action. This demurrer was sustained, to which appellant excepted, refused to plead further, and judgment was entered for appellee. This appeal followed, the appellant assigning as error the sustaining of the demurrer to his third amended complaint.

Appellant's third amended complaint failed to state facts to show that appellant was legally employed by appellee to render the services for which he sought compensation. However, the complaint on its face shows that he was not city attorney for appellee nor assistant to the city attorney at the time he rendered his said services. §10335, Burns 1926, §48-1801, Burns 1933, §11469, Baldwin's 1934, provides that it is the duty of the city attorney, who is appointed by the mayor, to commence all proceedings necessary or advisable for the protection or enforcement of the rights of such city or of the public. The right to employ assistants to perform such duties, under said section, is vested in said city attorney, subject to the passing of an ordinance authorizing such employment.

Appellant contends that there existed an emergency by reason of the fact that the peace, safety, and welfare of the city were in jeopardy and since the services rendered were requested by the mayor and council, valuable to and accepted by the city, that an implied contract existed and recovery should be allowed. Burns 1926, §10284 enumerates the powers of the council and no where therein do we find the right, power, or provision to employ counsel for such alleged emergency. Any one dealing with a city council, in this state, must take notice of the powers and authority vested in such

bodies. *City of New Albany* v. *New Albany St. R. Co.* (1909), 172 Ind. 487, 87 N. E. 1084. The newly elected mayor had the power to appoint appellant city attorney or he could have appointed a city attorney, who in turn could have employed this appellant as an assistant, as provided by §10335, *supra.*

The intent of the legislature in §10335, *supra,* which is written in plain and unequivocal language, is clear. That statute means just what it says and, therefore, needs no construction. *Cheney* v. *State* (1905), 165 Ind. 121, 74 N. E. 892; *In re Whisler* (1914), 56 Ind. App. 269, 105 N. E. 158. The appointment of an attorney and his assistants to represent the city is fixed by the above statute and such appointments being statutory we are bound thereby.

Assuming, for illustration only, that appellee did employ appellant the complaint fails to disclose that an appropriation had been made, by ordinance of appellee, for the purpose of paying appellant for the services for which he claimed compensation. §10283, Burns 1926, §48-1406, Burns 1933, §11431, Baldwin's 1934. And further, even if plaintiff had been employed by appellee, a contract, expressed or implied, beyond existing appropriations, is absolutely void. §10307, Burns 1926, §48-1507, Burns 1933, §11464, Baldwin's 1934. *Brayton* v. *City of Rushville* (1918), 68 Ind. App. 238, 120 N. E. 48. Thus the alleged contract of appellant with appellee is absolutely void. There being no contract no recovery can be had.

For failure of appellant's complaint to allege the above facts, which are necessary to make a valid contract with a city, the appellee's demurrer to such complaint was properly sustained, and finding no reversible error this case is in all things affirmed.