## HINES *v.* KINNISON and Another.

According to the act of 1843, if a writ be in trespass, and the declaration describe a cause of action in case, or if a writ be in case, and the declaration describe a cause of action in trespass, the declaration is not objectionable on account of the variance.

The said statute renders it immaterial whether the action be named trespass or case in the writ.

The rule as to the joinder of counts in trespass and case is not affected by said statute.

Counts in trespass and trover cannot be joined.

ERROR to the *Vermillion* Circuit Court.

BLACKFORD, J.—This was an action of trespass on the case brought by *Kinnison* and another. The declaration contains four counts. The first charges that the defendant, *Hines*, on, &c., at, &c., by his agent and servant, seized and took certain goods and chattels, to wit, 500 bushels of corn, the property of the plaintiffs, then and there standing upon the stalk in the field where the same had grown, &c., of great value, &c.; and afterwards, to wit, on, &c., at, &c., sold said goods and chattels, and converted the same to his own use. The fourth count is in trover. There was a demurrer to the declaration, but the demurrer was overruled, and final judgment rendered for the plaintiffs.

The first count is in trespass, and it cannot therefore, unless authorized by statute, be joined with the count in trover.

May Term, Gould, 220. The statute on which the plaintiff relies to
1846.      show there is no misjoinder is as follows: "In all actions of
CRANE      trespass and trespass on the case, the declaration shall be
v.         deemed equally good and valid to all intents and purposes,
PALMER.    whether the same shall be in form a declaration in trespass
or trespass on the case." R. S. 1843, p. 691. According to
this statute, if the writ be in trespass, and the declaration de-
scribe a cause of action in case, or if the writ be in case, and
the declaration describe a cause of action in trespass, the de-
claration shall not be objected to on account of the variance.
The statute renders it immaterial whether the action be nam-
ed trespass or case in the writ. The rule as to the joinder
of counts in trespass and case remains as it was before the
statute.

Per Curiam.—The judgment is reversed with costs.
Cause remanded, &c.

W. P. Bryant, J. A. Wright, and S. F. Maxwell, for the
plaintiff.

D. Brier, for the defendants.