Blacefokd, J.
— “On the trial the defendants asked the court to charge the jury, that if they should believe from the evidence that the defendants did not act towards the plaintiff from malicious motives, they should find for the defendants. This instruction was refused. Whether this refusal was correct or not, depends upon the nature of the action. There is in the record an agreement of the parties, stating that the suit before the justice, was for a tort, in the violation of the bye-laws of said Canal Company, in form of debt; and that in the Circuit Court, the Caned Company amended their cause of action at the August term, 1845, and claimed 100 dollars: that the defendant demurred to the amended cause of action, and that the court sustained the demurrer and gave judgment against the company.
“The cause of action in the suit before the justice being in tort, *63 be bad no jurisdiction for so large a sum as 100 dollars, the amount claimed, and the process, therefore, under which the boat was attached, was illegal and void.
“ That being so, the case stands as if the boat was alleged to have been taken without any authority; and the cause of action described in the declaration may be considered as being in trespass de bonis asjjorkitis. The charge is that the defendants maliciously, and without probable cause, procured a void writ against the plaintiff’s boat; and that one of the defendants by virtue of such writ, and by the direction of the other, took the boat, &c. That is a charge of trespass against both the defendants.
“ It is true that the declaration shows that in the writ the action is called trespass on the case, but that makes no difference. Although the writ is in case, still, if the declaration sets out a cause of action in trespass, the plaintiff may, under the statute, require the suit to be considered an action of trespass. Hines v. Kinnison 8 Blackf. 119.
“ Viewing the action, therefore, as in trespass de boms asportatis, the refusal to give said instruction was right, as the plaintiff might then recover without proof of malice.
“ The court gave the following instruction: ‘ If the boat was wan!tonly and without any reasonable cause attached and taken from the plaintiff, and sunk and destroyed, or nearly so, the jury may find the best damages proved in favor of the plaintiff.’ The defendants obi jected to this instruction, but we see no cause for the objection. The }, record does not profess to contain all the evidence, and we, therefore, do not know the circumstances under which the boat was taken, or the damages to which the instruction refers.
“ Bodcn, the captain of the canal boat was examined as a witness by the plaintiff, though objected to by the defendants as incompetent. But as the cause of the incompeteney does not appear to have been pointed out to the Circuit Court, the overruling of the objection cannot be assigned for error. Camden v. Doremus, 3 Howard, 515.
Judgment affirmed, &c.