### HEIMER *v.* WILCOX and Another.

Trespass. First count, for breaking and entering the plaintiff's close. Second count, for seizing and carrying away the plaintiff's goods. Third count, that before the committing, &c., the plaintiff had built a limekiln, &c., and that the defendant, contriving and wickedly intending to injure the plaintiff in the premises, seized upon, entered into, tore down, and carried away said limekiln, with five hundred perches of stone in the same, of the plaintiff's, of the value, &c., and converted the same to his own use. *Held*, that it must be considered, at least after verdict, that the

May Term,
1848.

HEIMER
v.
WILCOX.

Tuesday,
May 23.

third count was a good count in trespass, and properly joined with the others.

ERROR to the *Franklin* Circuit Court.

BLACKFORD, J.—*Wilcox* and another brought an action of trespass against *Heimer*. The declaration contains three counts.

1. That the defendant, on, &c., at, &c., with force and arms, broke and entered the plaintiffs' close, and broke open and damaged two limekilns of the plaintiffs' there standing, &c.

2. That the defendant, on, &c., at, &c., with force and arms, seized and carried away certain goods, chattels, and effects, to-wit, one limekiln, five hundred perches of stone, five hundred bushels of lime, five hundred feet of plank, &c., of the plaintiffs', &c.

3. That before the committing of the grievances hereinafter mentioned, the plaintiffs were contractors on the *White Water* canal, having a large amount of work to be finished at and before a specified time, which required large quantities of lime, and had, therefore, at a great expense, to-wit, the sum of 200 dollars, built and finished a large limekiln there, for the purpose of burning the large quantities of lime to be used about their said work on said canal. But the defendant, well knowing the premises, and that, by the destruction of said limekiln, the plaintiffs would be put to great cost and trouble in procuring lime to finish said work, and be thereby hindered and delayed in the completion thereof at the great loss of the plaintiffs, and contriving and wickedly intending to cheat, vex, harass, defraud, and injure the plaintiffs in the premises, heretofore, to-wit, on, &c., at &c., seized upon, entered into, tore down, and carried away the said limekiln, with divers, to-wit, five hundred perches of stone in the same, of the plaintiffs', of great value, to-wit, of the value of 200 dollars, there then found and being, and converted and disposed of the same to his own use; by means whereof the plaintiffs were forced to, and did, necessarily, then and there, lay out and expend a large sum of money, to-wit, 200 dollars, in the purchase of

lime and building other kilns there for the purpose of finishing and completing said work on said canal; and the plaintiffs were thereby greatly hindered, delayed, and stopped in and about their said work on said canal, and lost thereby a large sum of money, to-wit, the sum of 200 dollars; and other wrongs to the plaintiffs then and there did against the peace of the State of *Indiana*, and to the damage of the plaintiffs of 200 dollars; and therefore they bring suit.

Pleas, not guilty and the statute of limitations. Issues to the country. Verdict and judgment for the plaintiffs.

This case comes before us on a petition for rehearing, the judgment having been heretofore affirmed. The objection made to the judgment is, that the last count is in case and cannot therefore be joined with the others, which are in trespass. We think it very clear that the last count is in trespass as well as the others. If the lime-kiln, which is alleged to be the plaintiffs', was part of the realty, then the count in question is in trespass *quare clausum fregit;* but if the kiln was personal property, the count was in trespass *de bonis asportatis.* In either case there is no misjoinder. The allegation in this count respecting the object for which the limekiln was built, and the injury which its destruction caused to the plaintiffs, is only matter in aggravation of damages. The count, it is true, does not in terms say that the defendant, with force and arms, broke into the kiln; but if that is an objection, it is cured by the verdict. The count states that the defendant, wickedly intending to injure the plaintiffs, seized upon, entered into, tore down, and carried away the lime-kiln of the plaintiffs'. That is, substantially, a good count in trespass. The defendant relies upon the case of *Hines* v. *Kinnison*, 8 Blackf. 119. There, one of the counts was in trespass and another in the usual form in trover. The case, therefore, has no application to the present one.

The petition for a rehearing is overruled.

*J. B. Sleith* and *J. Ryman*, for the plaintiff.

*G. Holland*, for the defendants.