CULVER *v.* SMART and Others.

The trustees in each school-district, have the charge and possession of the district school-house in their district.

The entry of the rightful owner on the possession of a wrong doer, in his absence, is justifiable, if no breach of the peace is committed.

ERROR to the *Johnson* Circuit Court.

BLACKFORD, J.—*Culver*, the plaintiff in error, brought an action of trespass on the case against *Smart, Robinson,* and *Blake,* the defendants in error.

The declaration contains three counts.

The first states that the plaintiff, on the 8th of *March,* 1845, entered into an agreement with school-district, numbered 3, township numbered 14 north, range numbered 3 east, to teach a public district-school therein, &c.; that his undertaking was in consideration of his being paid, &c., and that a suitable school-house should be furnished him, &c.; that the public school-house of the district was furnished; that the school was commenced by the plaintiff, and continued by him, according to his agreement, until the committing of the grievance hereinafter mentioned; and that he performed all the duties on his part to be performed; that the defendants, well knowing the premises, and intending to defraud the plaintiff in that behalf, on the 4th of *September,* 1845, whilst the plaintiff was engaged in teaching said school, and before the expiration of the time for which he had undertaken to teach the same, unlawfully locked and closed up the said school-house, and thereby wholly prevented the plaintiff and his scholars from entering the school-house, and broke up the school; and that the defendants still keep the said school-house locked up, &c.

The second count is similar to the first, except that it states that the plaintiff's contract to teach the school was made with certain citizens of said district who agreed to furnish a school-room; and that the room was furnished accordingly.

The third count merely states that the plaintiff was teaching a certain other school in the public school-house

May Term,
1848.

CULVER
v.
SMART.

of said district, &c., and that the defendants, well knowing the premises, but intending to defraud the plaintiff in that behalf, on, &c., unlawfully closed and locked up the house and kept the plaintiff out of the same, thereby preventing him from continuing said school. To the plaintiff's damage, &c.

Pleas, not guilty, and five special pleas. General demurrers to the special pleas, and the demurrers overruled. Judgment for the defendants.

The fourth plea is as follows: The defendants say *actio non*, because they say that before the committing of the supposed grievances in the declaration mentioned, or any of them, they were duly elected and qualified and acting as trustees of said school district numbered three, at, &c.; that by virtue of being such trustees, the public school-house, theretofore erected by, and belonging to, said school-district, became and was at the disposal and within the control of the defendants; which public school-house, the defendants aver, is the same school-house in the declaration mentioned. And the defendants further say, that, afterwards, to-wit, on, &c., at, &c., and before the committing of the several grievances in the declaration mentioned, or any of them, the plaintiff, without the leave or license, and against the will and consent of the defendants as trustees aforesaid, or of their predecessors in office, and of his own wrong, entered into and occupied said public school-house belonging to said school-district. And the defendants further say, that, afterwards, to-wit, on, &c., at, &c., and before the committing of the supposed grievances in the declaration mentioned, or any of them, they, as trustees aforesaid, requested the plaintiff to depart from and leave the occupation of said public school-house. And the defendants further say that, afterwards, to-wit, on, &c., at, &c., they, as trustees aforesaid, in the absence of the plaintiff, quietly, and peaceably, and without disturbance, caused the said public school-house, so as aforesaid belonging to said school-district, to be locked up and closed, and kept so locked up and closed, as in the declaration is alleged, as they lawfully

might for the cause aforesaid. Which, the defendants
aver, are the same supposed grievances, of which the
plaintiff hath above thereof, in the declaration, complained
against them. Verification.

We think the Court was right in overruling the demurrer to that plea.

We shall not stop to inquire, whether, for the injury complained of in the declaration, trespass *quare clausum fregit*, or trespass on the case, was, at common law, the proper action. This inquiry is not necessary, because there is no misjoinder of counts, and because, by the statute, it is not material whether the one name or the other be given to the action. *Hines* v. *Kinneson*, et. al., 8 Blackf. 119.

According to our view of the school-law, the trustees in each school-district have the charge and possession of the district school-house in their district. The law is not very explicit on the subject, but the above is the result of our examination of the law generally. R. S., 1843, pp. 305 to 325. The parts of the law which more particularly favor the above opinion are the 42d section of article 2, and part 6 of section 60, of article 3. The power of building, of furnishing, and of disposing of the district school-house, and of causing a school to be kept therein, is in the district trustees, acting in conformity with the votes of the district; and in the absence of instructions, those trustees may contract with a teacher to be paid in whole or in part out of the public funds. These powers are expressly given by the above named part of section 60. The school-district may, by vote, give directions to the trustees as to the employment of a teacher; but the contract can be actually made with the teacher, and possession of the school-house delivered to him, only by the trustees. They are the executive officers, and it necessarily results, from the nature of their duties, that they must have the charge and possession of the school-house. The consequence is, that the allegation in the plea now under consideration, that the plaintiff had entered into possession of the school-house against the will and consent of

the district trustees, or of their predecessors in office, and of his own wrong, shows him to be a wrong doer; and we are next to consider whether the other allegation in the plea, namely, that the trustees, in such case, had peaceably, in the plaintiff's absence, locked up the door of the school-house, shows a justification of the trespass complained of. This point is settled by authority. In *Taylor* v. *Cole*, which was trespass for breaking the plaintiff's close and expelling him therefrom, Lord Kenyon says: "It is true that persons having only a right are not to assert that right by force; if any violence be used, it becomes the subject of a criminal prosecution; and that is the amount of the case cited from Shower, which was a proceeding under the statute for a forcible entry. But this is not a criminal prosecution; and the question is whether a person, having a right of possession, may not peaceably assert it, if he do not transgress the laws of his country. I think he may; for a person who has a right of entry may enter peaceably, and being in possession may retain it, and plead that it is his soil and freehold. And this will not break in upon any rule of law respecting the mode of obtaining the possession of lands." 3 T. R. 292. That doctrine has never been doubted, and it is strictly applicable to the present case. Whether, if the defendants had broken open the school-house door, and forcibly expelled the plaintiff, they could have justified their conduct in a civil suit for the trespass, is a question which we have not examined. That question does not arise in the case now before us, because here, according to the plea, the defendants, in the absence of the plaintiff, peaceably locked up the door. No breach of the peace was committed; and in such case the point is clear, that the entry of the owner upon the possession of a wrong doer, is justifiable.

We have shown, we think, that the fourth plea filed in this case is a bar to the action. It is not necessary, therefore, that we should examine any of the other pleas which were demurred to. One plea in bar of the whole action having been rightly adjudged by the Circuit Court, on de-

murrer, to be valid, the final judgment for the defendants must be correct.

May Term, 1848.

Per Curiam.—The judgment is affirmed with costs.

W. Quarles and L. Barbour, for the plaintiff.

D. Wallace and S. Yandes, for the defendants.