May Term, 1848.

THE WHITE
WATER VAL-
LEY CANAL
COMPANY
v.
DOW.

---

THE WHITE WATER VALLEY CANAL COMPANY and Another
v. DOW.

The appellants procured a writ of attachment to be issued by a justice of the peace, commanding the constable to summon the master of, and attach, the appellee's boat. The cause of action in the suit before the justice was in tort, and the amount claimed was 100 dollars. *Held*, that the justice had no jurisdiction for that amount, and, therefore, the process under which the boat was attached was illegal and void.

If a writ be in case, and the declaration describe a cause of action in trespass, the plaintiff may, under the statute, require the suit to be considered an action of trespass.

If a witness be objected to as incompetent, the cause of the incompetency must appear to have been pointed out to the Circuit Court, or the overruling of the objection cannot be assigned for error.

APPEAL from the *Franklin* Circuit Court.

BLACKFORD, J.—This was an action brought by *Dow* against the appellants.

The declaration states that the defendants, falsely and maliciously, and without any reasonable or probable cause, procured, from a certain justice of the peace, a writ of attachment, in the name of the state of *Indiana*, which writ commanded the constable, *Bruning*, one of the defendants, to summon one *Boden*, the captain of a certain canal boat of the plaintiff's, to answer the *White Water Valley Canal Company* in a plea of debt under 100 dollars, and also to attach the boat and keep the same until payment of said demand; that the constable, by virtue of said writ, and by direction of said canal company, attached the boat, being of the value of 800 dollars, which boat, through the negligence of the constable, was afterwards sunk in the canal; that the writ was returned

*Wednesday,*
*July 5.*

THE WHITE WATER VALLEY CANAL COMPANY v. DOW.

served; the cause tried on its merits; and the defendant and the boat acquitted and discharged. Plea, not guilty. Verdict and judgment for the plaintiff.

The defendants contend that this is an action for malicious prosecution, and that it cannot be sustained because it was commenced whilst the first suit was pending on appeal in the Supreme Court.

This objection, however, were it otherwise tenable, is not sustained by the facts. The record states that, from the justice's judgment mentioned in the declaration, the canal company appealed to the Circuit Court; that, on the appeal, a judgment was rendered for the appellee; that the canal company prayed an appeal to the Supreme Court, "which was granted upon their executing a bond with *James M. Clements* and *David Slaughter*, sureties, who were approved of by the Court, in the penalty of 300 dollars, within thirty days according to law." These statements only show that an appeal to the Supreme Court was granted on condition that an appeal bond should be filed within a certain time; but there is no evidence of the execution of such bond; and the case, therefore, stands as if no appeal had been granted.

On the trial, the defendants asked the Court to charge the jury that, if they should believe from the evidence that the defendants did not act towards the plaintiff from malicious motives, they should find for .the defendants. This instruction was refused.

Whether this refusal was correct or not depends upon the nature of the action. There is, in the record, an agreement of the parties, stating that the suit before the justice was for a tort for violation of the by-laws of said canal company in form of debt; and that, in the Circuit Court, the canal company amended their cause of action at the *August* term, 1845, and claimed 100 dollars; that the defendant demurred to the amended cause of action; and that the Court sustained the demurrer and gave judgment against the company.

The cause of action in the suit before the justice being in tort, he had no jurisdiction for so large a sum as 100

dollars, the amount claimed, and the process, therefore, under which the boat was attached, was illegal and void.

That being so, the case stands as if the boat was alleged to have been taken without any authority; and the cause of action described in the declaration may be considered as being in trespass *de bonis asportatis*. The charge is, that the defendants, maliciously, and without probable cause, procured a void writ against the plaintiff's boat; that one of the defendants, by virtue of such writ, and by direction of the other, took the boat, &c. That is a charge of trespass against both the defendants.

It is true that the declaration shows that, in the writ, the action is called trespass on the case, but that makes no difference. Although the writ is in case, still, if the declaration sets out a cause of action in trespass, the plaintiff may, under the statute, require the suit to be considered an action of trespass. *Hines* v. *Kinnison*, 8 Blackf. 119.

Viewing the action, therefore, as in trespass *de bonis asportatis*, the refusal to give said instruction was right, as the plaintiff might then recover without proof of malice.

The Court gave the following instruction: "If the boat was wantonly, and without any reasonable cause, attached and taken from the plaintiff, and sunk and destroyed or nearly so, the jury may find the best damages proved in favor of the plaintiff." The defendants objected to this instruction, but we see no cause for the objection. The record does not profess to contain all the evidence, and we, therefore, do not know the circumstances under which the boat was taken, or the damages to which the instruction refers.

There were some other instructions rightly refused, and others rightly given.

*Boden*, the captain of the canal boat, was examined as a witness by the plaintiff, though objected to by the defendants as incompetent. But as the cause of the incompetency does not appear to have been pointed out to the Circuit Court, the overruling of the objection cannot be assigned for error. *Camden* v. *Doremus*, 3 How. 515.

*Per Curiam.*—The judgment is affirmed with 5 *per cent.* damages and costs.

*S. W. Parker* and *J. S. Newman*, for the appellants.

*J. Ryman*, for the appellees.