HURD ET AL. *v.* WALTERS ET AL.

INJUNCTION.—*Common School.—District Trustee.—Use of School-House.*—By sections 10 and 30 of the common school law, 3 Ind. Stat. 443, 449, the trustee of each school district has charge and possession of the school-house of the district, but if he exceed his authority by permitting the use of the school-house for other than school purposes, an injunction will lie to prevent such illegal use, upon the complaint of a resident voter or tax-payer of the school district.

SAME.—*Pleading.—Complaint.*—As by section 6 of the act incorporating school townships (1 G. & H. 571), if a majority of the legal voters of any school district desire the use of the school-house for other purposes than common schools, the district trustee upon their application may authorize the director of the district to permit such use, a complaint to enjoin such use-must aver that a majority of the legal voters of said district have not expressed a desire therefor.

From the Brown Circuit Court.

*L. Ritter, —— Walker,* and *E. F. Ritter,* for appellants.
*J. S. Hester* and *F. T. Hord,* for appellees.

BUSKIRK, C. J.—The complaint avers, that all of the plaintiffs, except two, are residents of school district number 1, township 10, north of range 4 east, situated in Brown county, Indiana, and voters and tax-payers therein; that Charles W. Hurd is the trustee of said district, and permits the common school-house therein to be used by various inhabitants of such district for religious purposes and worship, against the wishes

and remonstrance of the plaintiffs; that Martin Beatty has a key that unlocks the door of said school-house, and uses the same to gain access to said house, and, with others, takes possession and holds meetings therein for religious worship, with the knowledge and consent of said trustee, and against the wishes and over the remonstrance of the plaintiffs; and that said defendants threaten to continue to use the said school-house for such purpose.   Prayer for an injunction.

The appellants demurred to the complaint, upon two grounds:

1. Because the plaintiffs have no legal right to maintain the action.

2. Because the complaint does not state facts sufficient to constitute a cause of action.

The demurrer was overruled, and appellants excepted. Upon the final hearing, the court enjoined the appellants from using or permitting the said school-house to be used for religious purposes.

Three questions are discussed by counsel:

1. Had the trustee the lawful right to permit the school-house to be used for any other than school purposes, against the wishes of any portion of the resident voters and tax-payers?

2. Conceding that the trustee had no such right, was this a case for injunctive relief?

3. Conceding that the trustee had no such right, and that the proper remedy was by injunction, had the plaintiffs the legal capacity to maintain the action?

Section 10 of the common school law, 3 Ind. Stat. 443, provides that the trustee shall build or otherwise provide suitable houses for schools, etc.

Section 30 of the same act provides that the school director shall take charge of the school-house and property belonging thereto, under the general order and concurrence of the trustee, and preserve the same, etc. 3 Ind. Stat. 449.

We think the trustee of each school district has the charge and possession of the school-house; for, although the director has the charge for certain purposes, he acts under the order

and with the concurrence of the trustee. *Culver* v. *Smart,* 1 Ind. 65.

But the power of the trustee over school-houses, as given by the common school law in the sections above cited, is restrained and modified by the sixth section of an act incorporating school townships, defining their powers, etc. (approved March 3d, 1859), which is as follows:

" Sec. 6. If a majority of the legal voters of any school district desire the use of the school-house of such district for other purposes than common schools, when unoccupied for common school purposes, the trustees shall, upon such application, authorize the director of such school district to permit the people of such district to use the house for any such purpose, giving equal rights and privileges to all religious denominations and political parties, without any regard whatever to the numerical strength of any religious denomination or political party of such district." 1 G. &. H. 571.

There is no averment in the complaint, that a majority of the legal voters of said district had not expressed a desire that the said school-house might be used for other purposes than common schools. One who seeks injunctive relief should show very clearly that he is entitled to it. If a majority of the legal voters of said district had expressed a desire that said school-house might be used for religious worship, the action of the trustee would be clearly right.

In the condition of the record, we do not deem it proper to express any opinion as to the power of the trustee, in the absence of any expressed desire on the part of a majority of the legal voters of said district.

We entertain no doubt of the power of the court to grant injunctive relief in such a case as the present, if it be shown that the trustee had exceeded his authority, for there is no other remedy. *Scofield* v. *Eighth School District,* 27 Conn. 499; Hilliard Injunction, 318, 541; High Injunction, secs. 237, 241, 243, 245.

It is equally as well settled by the above authorities, that any legal voter or tax-payer may maintain the action.

It appears from the record, that two of the plaintiffs were not residents, voters, or tax-payers of said district. Their names should be stricken from the complaint, as they are neither necessary nor proper parties.

The court below erred in overruling the demurrer to the complaint.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to sustain the demurrer to the complaint.