## BRAYTON *v.* CITY OF RUSHVILLE.

[No. 9,868.  Filed June 28, 1918.]

1.  APPEAL.—*Review.*—*Briefs.*—*Requisites.*—Where error is assigned on the denial of the motion for a new trial, appellant's briefs must show an exception to the ruling of the court and the pages and lines of the record where the filing of the motion and the reserving of an exception to the ruling thereon may be found. p. 241.

2.  APPEAL.—*Briefs.*—*Requisites.*—Appellant's brief must contain, under a separate heading of each error relied on, separately numbered propositions or points, stated concisely, and without argu-

ment or elaboration, as required by Rule 22, cl. 5, of the rules of the Supreme and Appellate Courts. p. 241.

3. APPEAL.—*Briefs.*—*Rules of Court.*—*Scope.*—The rules of the court on appeal with reference to the preparation of briefs are binding upon the court as well as upon litigants. p. 241.

4. APPEAL.—*Failure to File Briefs.*—*Effect.*—Appellee's failure to file briefs on the merits of the cause does not, of itself, entitle appellant to a reversal as a matter of right, but only calls for an exercise of the court's discretionary power which should not be exercised against the judgment of the trial court, except where appellant's briefs show that reversible error was in fact committed. p. 242.

5. MUNICIPAL CORPORATIONS.—*Contracts.*—*Appropriations.*—*Statutes.*—Under §8639 *et seq.* Burns 1914, Acts 1905 p. 219, which divides all cities into five classes, cities of the fifth class are restricted in making contracts by the provisions regarding appropriations in the same manner as cities of other classes. p. 242.

6. STATUTES.—*Construction.*—*Construing as a Whole.*—It is a general rule of statutory construction that an act of the legislature must be construed as a whole. p. 243.

7. MUNICIPAL CORPORATIONS.—*Contracts.* — *Appropriations.* — *Statutes.*—Section 8687 Burns 1914, Acts 1905 p. 219, §85, providing that all contracts and agreements, express or implied, and all obligations of any and every sort beyond existing appropriations shall be void, applies to cities of the fifth class, such limitation on the power to contract not being restricted to executive departments, but applies to all contracts made in behalf of any city by whatever authority. p. 243.

From Rush Circuit Court; *Will M. Sparks,* Judge.

Action by Albert W. Brayton, Jr., doing business under the firm name of the State Forestry Company, against the city of Rushville. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Harry C. Hendrickson,* for appellant.
*Kiplinger & Smith,* for appellee.

BATMAN, J.—This is an action by appellant against appellee for labor performed and materials furnished under an alleged contract. After the joining of issues a trial was had by the court, resulting in a judgment in favor of appellee. Appellant filed a motion for a

new trial on the grounds that the decision of the court is not sustained by sufficient evidence and is contrary to law. This motion was overruled, and the action of the court in so doing is the sole error assigned and relied on for a reversal. The evidence shows, among other things, that appellant is a landscape gardener, and that appellee is a city of the fifth class; that appellee had a public park and a regularly appointed park committee; that the trees of said park were becoming decayed and dangerous to persons frequenting the same; that on June 17, 1913, the common council of appellee authorized said committee to secure the services of a landscape gardener; that thereafter, on June 25, 1913, the committee employed appellant to furnish the labor and material necessary to put the trees of the park in good and safe condition, and agreed to pay him the sum of sixty-five cents per hour for all labor performed in so doing and to pay for all material used in the work; that in pursuance to the employment appellant furnished labor and material amounting to the sum of $493.55, which had never been paid; that prior to the making of the contract and prior to the performance of the labor and furnishing the material, and at no other time, had or has the common council of appellee made any appropriation for the purpose of paying for the labor or material, nor was there at said times, nor has there been at any time subsequent thereto, any unexpended balance of any appropriation made for such purpose, or out of which said labor and material could be paid.

Appellee contends that the brief of appellant fails to comply with the rules of this court in a number

of respects, and for that reason no question is 1. presented for our determination. We note that appellant's brief does not show that any exception was taken to the ruling of the court on his motion for a new trial, nor are the pages and lines of the record given where the filing of such motion and the reserving of an exception to the ruling thereon may be found. These requirements have been held to be essential. *Cleveland, etc., R. Co.* v. *Beard* (1912), 52 Ind. App. 105, 100 N. E. 392; *Miller* v. *Ruse* (1913), 54 Ind. App. 25, 101 N. E. 343; *Vandalia Coal Co.* v. *Bland* (1915), 59 Ind. App. 308, 108 N. E. 176; *Morgan* v. *Arnt* (1917), 63 Ind. App. 590, 114 N. E. 986.

It does not contain "under a separate heading 2. of each error relied on, separately numbered propositions or points, stated concisely, and without argument or elaboration," as provided by the fifth clause of Rule No. 22. This is also an essential requirement. *Rook* v. *Straus Bros. Co.* (1916), 60 Ind. App. 381, 110 N. E. 1006; *Fish* v. *Hetherington* (1916), 61 Ind. App. 645, 112 N. E. 391; *Schowe* v. *Bower* (1917), 186 Ind. 29, 114 N. E. 689. Other alleged defects in appellant's brief are pointed 3. out, but no good purpose would be served in giving them consideration. It has been held that the rules with reference to the preparation of briefs are binding upon the court as well as upon litigants. *Albaugh Bros., etc., Co.* v. *Lynas* (1910), 47 Ind. App. 30, 93 N. E. 678; *Rook* v. *Straus Bros. Co., supra; Magnuson* v. *Billings* (1899), 152 Ind. 177, 52 N. E. 803. But appellant calls our attention to the fact that appellee has not attempted to brief the case on its merits, but has confined itself solely to pointing out alleged infirmities in his brief. This fact,

however, would not entitle appellant to a reversal of the judgment as a matter of right, even if his brief had been in strict compliance with the rules. The failure on the part of an appellee to file a brief on the merits of a cause only calls for an exercise of the discretionary powers of the court, which, it has been held, should not be exercised against the judgment of a trial court, except in cases where the appellant's brief shows that reversible error was in fact committed by such court. *Simon* v. *City of Wabash* (1915), 58 Ind. App. 127, 107 N. E. 738; *McClure* v. *Anderson* (1915), 58 Ind. App. 615, 108 N. E. 757.

In the instant case appellant has failed to show that the court committed any error on the trial of the cause. The main question which appellant has sought to present relates to the power of a city of the fifth class to contract for labor and material, where no appropriation is made for the payment of the same. It appears to be appellant's contention that the power of such cities to contract is not restricted by the provisions of the statute with reference to appropriations. The provisions in this regard are found in the act of the general assembly of this state, approved March 6, 1905, entitled "An act concerning Municipal Corporations." Acts 1905 p. 219, §8639 *et seq.* Burns 1914. This act divides all cities into five classes, based on their population, and undertakes to provide a general scheme for their government. Certain provisions of this act are limited to designated classes, while those provisions not so limited are made to apply to all cities regardless of their class. An examination of the act as a whole leads us to conclude that cities of the fifth class are

restricted in making contracts by the provisions re-
garding appropriations the same as cities of
other classes. It is a general rule for the con-
struction of an act that it must be construed as
a whole. *Hasely* v. *Ensley* (1907), 40 Ind. App.
598, 82 N. E. 809; *Vollmer* v. *Board, etc.* (1913),
53 Ind. App. 149, 101 N. E. 321. We call atten-
tion to the following sections which relate to the sub-
ject under consideration and throw light on the inten-
tion of the legislature, reference being had to section
numbers, as found in §§8654, 8655, 8658, 8659, 8681,
8682, 8684, 8685, 8687, 8688 Burns 1914. It will
be observed that said §8687 contains, among others,
the following provisions: ''All contracts and
agreements, express or implied, and all obligations
of any and every sort, beyond such existing appro-
priations, are declared to be absolutely void.'' Ap-
pellant contends, however, that this provision has
no application to cities of the fifth class. He bases
this contention largely on the connection in which
it is found. He cites the fact that it appears in the
fourth section of an article of the act devoted to execu-
tive departments of cities of the first, second, third
and fourth classes. As applicable to appellant's con-
tention it should be noted that the first clause of said
§8687 provides in clear and concise language that an
executive department shall have no power to bind a
city to any contract beyond the amount of money at
the time already appropriated by ordinance for the
purpose of such department. This clause is followed
immediately by the one under consideration. It is not
limited in its application by its terms to executive
departments or to cities of any class, but it is broad
enough to apply to contracts attempted to be made

on behalf of any city by whatever authority. It does not have the effect of placing any greater restrictions on the power of executive departments to contract than the preceding clause. It is therefore reasonable to presume that the purpose of the latter clause was to make it clear that the limitations on the power to contract was not restricted to executive departments, but to the officers of all cities of every class. This construction finds support in the limitations placed upon the drawing of warrants against the funds of any city, or issuing what purports to be an obligation of any city, as appears in §§8658, 8688 of the same act, which are as follows:

"No order or warrant for any purpose shall be drawn against the funds of any city, in the hands of the treasurer or other officer, unless an appropriation has been made by ordinance for such purpose and such appropriation is not exhausted, or unless such order or warrant shall be for a salary fixed by statute or ordinance, or in payment of a judgment which such city is compelled to pay, or for interest due on city bonds." §8658, *supra.*

"Any city official who shall issue any bond, certificate or warrant for the payment of money, which shall purport to be an obligation of such city, and be beyond the unexpended balance of any appropriation made for such purpose, or who shall attempt to bind such city by any contract or agreement, or in any other way, to any extent beyond the amount of money at the time already appropriated by ordinance for such purpose, and remaining at the time unexpended except as in the last preceding section provided, shall be liable on his official bond to any person injured thereby, and shall be fined not more than one thou-

sand dollars, and imprisoned in the county jail not more than six months, either, or both." §8688, *supra.* It will be noted that both of these sections apply to all cities regardless of their class, and the latter being under the same heading as said §8687, *supra.* If appellant's contention should be adopted, we would have a condition whereby the officials of a city of the fifth class could contract a debt which .it could not voluntarily pay, because of the prohibitions contained in said §§8658, 8688, *supra,* but for which judgment with attendant cost could be recovered. We are convinced that the act in question should not be so construed.

We find no reversible error in the record. Judgment affirmed.

NOTE.—Reported in 120 N. E. 48.