HAMER *v.* THE CITY OF HUNTINGTON ET AL., ETC.

[No. 27,186.  Filed June 15, 1939.]

*William D. Hamer,* for appellant.

*Carl Bonewitz, Lesh, Lesh & Lesh,* and *Mart J. O'Malley,* for appellees.

SWAIM, J.—This was an action brought by a taxpayer of the City of Huntington to enjoin the appellee, City of Huntington, and its officers, acting for and on behalf of said city, from paying to the appellee, American-LaFrance & Foamite Industries, Inc., the amount of a certain claim filed by said company against said city for the purchase price of a certain fire engine and equipment sold by said company to said city, and the complaint also asked that the purchase of the bonds, issued by said city to procure funds for the payment of said claim, and said bonds be declared illegal and void.

The court found the facts specially, stated its conclusions of law thereon and entered judgment against the appellant in accordance with such conclusions of law. This appeal is based on alleged errors in the court's conclusions of law.

The facts essential to the determination of this case are as follows: on September 8, 1936, at a regular meeting of the common council of the City of Huntington an ordinance was introduced authorizing the purchase by the Board of Public Works and Safety of said city of a fire truck and equipment for the fire department. On December 8, 1936, said ordinance was duly passed by the council. This ordinance provided that "the expenses necessary for the purchase of said combination fire truck including the necessary equipment therefor, be raised by taxes levied or bonds issued and sold according to law which levy and issue of bonds is hereby authorized by this council."

Pursuant to such authority the Board of Public Works and Safety of said city advertised for bids for said fire truck and equipment and, on December 31, said board accepted the bid of said appellee American-LaFrance & Foamite Industries, Inc., for the sum of $12,681.50. On the same day the officials of said city entered into a written contract with said company for the purchase of said fire equipment. The contract provided that the company agreed to sell and deliver said equipment to said city, and said city agreed to purchase and pay for the equipment within thirty days from the date of the invoice thereof. The contract further provided that said equipment should remain the property of said company until it was fully paid for; that the contract was taken subject to the written acceptance of an officer of the company and that, if requested by the company, the city should furnish to the company a satisfactory opinion of the city or town attorney as to

the power of the municipality to make the contract. On January 18, 1937, the city received the written approval of said contract executed by an officer of the company pursuant to the terms of said contract. At the time said contract was entered into there was no appropriated fund from which the purchase price of said equipment could be paid.

On April 26, 1937, the common council of said city passed an ordinance appropriating the proceeds from the sale of bonds of the face value of $12,500.00 for "the purpose of purchasing one combination fire truck together with necessary equipment, hose and ladders therefor, and purchase a service car for the chief of the fire department of the City of Huntington." On May 4, 1937, the fire truck and equipment purchased by said city under said contract of December 31, 1936, was delivered to said city. On May 24, 1937, the State Board of Tax Commissioners of the State of Indiana approved the above described additional appropriation "for the purchase of a combination fire truck together with necessary equipment."

On July 12, 1937, the said company filed a claim with said city for the contract price of said truck and equipment. On October 30, 1937, said Board of Public Works and Safety of said city allowed said claim in the sum of $12,047.42 and made a formal acceptance of said fire truck which had been delivered to the city on May 4. On the same day the appellee, Wallace Reed, city clerk-treasurer of Huntington, Indiana, drew a warrant for the sum of $12,047.42, payable to the said company, and placed said warrant in the mail addressed to said company at Elmira, New York. Thereafter, on the request of said Reed, the Postmaster of Elmira, New York, returned said warrant to said Reed who is still holding the same. The appellee, American-LaFrance & Foamite Industries, Inc., relied on its contract with the appellee,

City of Huntington, and manufactured said fire truck and equipment therefor according to the specifications adopted by said city and delivered said truck and equipment to said city.

On January 12, 1937, the common council of said city, in regular session, adopted an ordinance authorizing the borrowing of $12,500.00 and the sale of bonds therefor "for the purpose of purchasing a combination fire truck, including hose, ladders and necessary equipment therefor, and necessary service car for use of the chief of the department." Said ordinance provided that said bonds should be issued so that designated bonds should become due at different dates from June 1, 1938, to June 1, 1944, and prescribed the form of the bonds, which form contained the provision "That the privilege is hereby reserved to said City of Huntington to redeem this bond at any time after the 1st day of June, 1938, and if so redeemed, interest shall cease thereon from the date of redemption." Said ordinance also provided that said bonds should be sold on sealed bids to the highest bidder, for cash, and that three weeks' notice of said sale should be given by three insertions, one each week, in the Huntington News and Herald-Press of the City of Huntington.

On January 15, and January 22, 1937, notice was given to the taxpayers, according to law, of the intention of the city to issue said bonds and no remonstrance to the issuance thereof was filed. Thereafter, beginning with January 26, notice of the sale of said bonds to be held on the 1st day of March, 1937, was given pursuant to the terms of said ordinance, and on March 9, the appellee Wallace Reed, city clerk-treasurer of said city, reported to the common council that the successful bidder for said bonds had, on the advice of attorneys, refused to accept said bonds because the advertisement for the sale thereof had failed to state the provision for

the redemption of such bonds. Thereupon said council on the same day adopted an ordinance providing that the ordinance authorizing the issuance of said bonds be amended by striking therefrom the provision providing for the redemption of said bonds. On May 27, 1937, said common council adopted a resolution authorizing and directing a readvertisement for the sale of said bonds. Notice was given in two newspapers of said city, on May 28, and June 4, for the sale of said bonds to be held on June 7, 1937. On July 13, the city clerk-treasurer reported to said common council that the successful bidder for said bonds refused to take them and that, therefore, he was unable to complete the sale. Thereafter, on October 12, the common council of said city adopted a resolution to again give notice of the sale of said bonds by publication in the two newspapers of said city and such notice was given on October 13, 1937, for sale to be held on October 15, 1937.

On the date set for said sale the Board of Public Works and Safety of said city authorized the superintendent of the Water Works Utility of said city to submit a bid for the purchase of said bonds and to invest Water Works Depreciation Funds of the Huntington Water Works Utility in said bonds. Pursuant to this authorization the said superintendent filed a bid of $13,256.00 for said bonds which bid was accepted by said clerk-treasurer. On October 30, 1937, said city clerk-treasurer delivered said bonds to the said Huntington Water Works Utility and transferred Water Works Depreciation Funds of said Utility in the sum of $13,256.00 to the Fire Truck Equipment Fund of said city.

The court further found that the appellant, William D. Hamer, is now, and has been since September 8, 1936, a taxpayer of said city and that he "had knowledge and notice of the proceedings of the common coun-

cil of the City of Huntington, Indiana, and the Board of Public Works and Safety of the City of Huntington at the time such proceedings were taken, relating to the sale of bonds, appropriation therefor, and the contract for the purchase of a combination fire truck and equipment."

The validity of the claim of the appellee, American-LaFrance & Foamite Industries, Inc., for the purchase price of said fire engine is the first question presented by this appeal. The contract for the sale of this equipment to the city was executed on December 31, 1936. This contract would have constituted a valid and binding contract between the city and the company if, at that time, there had been funds appropriated for the purchase of said equipment. The court, however, specially found that there was no appropriation for this purpose prior to May 24, 1937. Section 48-1507 Burns 1933, §11464 Baldwin's 1934, Acts of 1905, ch. 129, §85, p. 219 provides that:

"No executive department, officer, or employee thereof shall have power to bind such city to any contract or agreement, or in any other way, to any extent beyond the amount of money at the time already appropriated by ordinance for the purposes of such department; and all contracts and agreements, express or implied, and all obligations of any and every sort, beyond such existing appropriations are declared to be absolutely void; . . ."

In the case of *City of Indianapolis* v. *Wann, Rec.* (1895), 144 Ind. 175, 42 N. E. 901, this court said that a contract made by the Board of Works of a city when funds had not been already appropriated for the purpose was absolutely void; that it was the same as if the contract had never been made and that consequently a subsequent appropriation could not have the effect of making it a contract; such a contract being illegal is

incapable of being subsequently ratified so as to make it binding.

The appellees contend that the ordinance passed by the common council of the City of Huntington on December 8, 1936, authorizing the Board of Public Works and Safety of said city to purchase the fire equipment and providing that the necessary expense be raised by taxes to be levied or bonds to be issued constituted a sufficient appropriation to make the contract valid. With this contention we can not agree. At the time said contract was entered into by said city additional appropriations were governed by §200, ch. 59 of the Acts of 1919 as finally amended by ch. 150 of the Acts of 1935, p. 532 (§64-1331, 1938 Supplement of Burns 1933, §15735, 1935 Supp. of Baldwin's 1934) which act provides certain steps which shall be taken by a municipality in making additional appropriations. The act provides that officers of the city contemplating making an additional appropriation to meet an emergency shall give ten days' notice by publication of the purpose of such additional amount proposed to be expended and the time when the same shall be considered and determined upon, and the taxpayers shall have a right to be heard thereon. It further provides that upon the conclusion of such hearing if such officers shall finally determine to appropriate and expend such additional amount they shall file a certified copy of such determination with the county auditor of the county in which such municipal corporation is located which determination shall immediately be certified by the county auditor, together with the necessary information to present the questions involved, to the State Board of Tax Commissioners which board shall fix a time and place for the hearing of such matter, give certain notice thereof and shall then determine the necessity of such additional appropriation. Similar provisions

of other statutes of this state relating to additional appropriations have been held by this court to be mandatory. In the case of *Johnson* v. *Lenz* (1935), 209 Ind. 627, 200 N. E. 249 this court held that the provision of ch. 95 of the Acts of 1927 (§64-1331 Burns 1933, §15735 Baldwin's 1934), providing for ten days' notice to taxpayers of a hearing on such a proposed additional appropriation was mandatory and that an appropriation ordinance which was passed without any such notice was void. It is not contended that the steps as to additional appropriations required by the 1935 act, *supra*, were complied with as to the ordinance passed by said council on December 8, 1937.

The appellees also contend that the contract for said equipment was not finally consummated until after the delivery of the equipment and the acceptance and approval thereof and that before such final acceptance and approval thereof a further formal ordinance was adopted appropriating the necessary funds, which ordinance was approved by the State Board of Tax Commissioners.

In the case of *City of Indianapolis* v. *Wann, Rec.*, *supra*, this court said that if a contract when made is invalid because there are no available funds appropriated for the purpose a subsequent appropriation can not make the contract valid and binding. All steps with regard to said fire equipment taken by said city and by said company were taken pursuant to the purported contract executed on December 31, 1936. If that contract was absolutely void when executed, subsequent steps taken by the city and company pursuant to such void contract can not bind the city to pay the purchase price of the equipment specified in the contract. The fact that the company did actually furnish the fire equipment to the city, and that such equipment was accepted by the city pursuant to a void contract

could not bind the city. *Brayton* v. *City of Rushville* (1918), 68 Ind. App. 328, 120 N. E. 48. The delivery of such equipment to the city without any valid contract for the purchase thereof could, of course, not bind the city to pay for such equipment and would give no basis for a valid claim by the company against the city for the purchase price specified by said void contract.

The company at the time it made the contract with the city evidently had in mind the possibility of the municipality not having the power to bind the city on the contract because one of the provisions of said contract provided for an opinion by the city attorney as to the power of the municipality to make the contract. Any party dealing with a municipality is bound to take notice of the limited powers of the municipality and of the laws governing the municipality in making contracts. *City of New Albany* v. *New Albany Street Railway Co.* (1909), 172 Ind. 487, 490, 87 N. E. 1084; *Citizens Bank* v. *Town of Burnettsville* (1933), 98 Ind. App. 92, 101, 179 N. E. 724. If one dealing with a city could plead ignorance of the laws governing the city or of the appropriated balance which the city has and thereby make valid a contract made by the city contrary to §48-1507 Burns, *supra,* the effect of said statute and our budget laws would be destroyed.

Section 48-1410 Burns 1933, §11434 Baldwin's 1934, Acts 1905, ch. 129, §55, p. 219; Acts 1911, ch. 229, §1, p. 561, gives to the common council of every city, on the passage of an ordinance for that purpose, the general power to borrow money and issue its bonds therefor. This statute expressly provides that "Such loans may be made only for the purpose of procuring money to be used in the legitimate exercise of the corporate powers of such city and for the payment of corporate debts." In this case the bonds were issued by the city "for the purpose of purchasing a combination fire truck,

including hose, ladders and necessary equipment therefor, and necessary service car for use of the chief of the fire department." This constitutes a valid purpose. A city might make an improper use of the proceeds of bonds which have been legally issued for a proper purpose without impairing the validity of such bonds.

Chapter 119 of Acts of 1937 (§§64-307 to 64-317 Burns 1933, §15897 Baldwin's 1934) provides further restrictions on the issuance of bonds by a city. This act became effective March 9, 1937, and provided that no taxes should be levied nor rates established to pay the principal and interest of any obligations thereafter issued unless prior to the issuance of such obligations certain preliminary requirements, as to petitions praying for the issuance of such obligations, published notice of the filing of such petitions, and as to remonstrances against the issuance of such obligations, had been met. These requirements are mandatory and must be complied with by a city issuing bonds which are governed by said act. The appellant insists that these requirements were not met in issuing the bonds in question but the special findings do not support him in this contention. It is, therefore, unnecessary to decide whether this bond issue was governed by said 1937 Act.

No other substantial objection to the validity of the bond issue is suggested by the appellant. Nor is any valid reason suggested for holding void a purchase of the bonds of a city by a department of that city.

Appellees contend that the appellant is estopped from maintaining this action for equitable relief because he "had knowledge and notice of the proceedings of the Common Council of the City of Huntington, Indiana, and the Board of Public Works and Safety of said city at the time such proceedings were taken, relating to the sale of bonds, appropriation there-

for, and the contract for the purchase of a combination fire truck and equipment." The appellant taxpayer had a right to assume that the public officials of the City of Huntington would comply with their statutory duties in respect to the purchase of fire equipment for the city. A taxpayer is not bound to keep himself informed as to appropriation balances and to bring an action for injunction against city officials to prevent their entering into contracts which would purport to obligate the city in an amount beyond its appropriated funds, or be barred from thereafter objecting to the payment of a claim based on such a contract. Such a contract being void a claim based thereon is invalid and a resident taxpayer who will be affected thereby may maintain an action for an injunction against the payment of such claim. *Meyer* v. *Town of Boonville* (1903), 162 Ind. 165, 173, 70 N. E. 146; *The Board of Commissioners of Henry County et al.* v. *Gillies* (1894), 138 Ind. 667, 38 N. E. 40.

The judgment is reversed with instructions to the trial court to restate its conclusions of law in conformity with this opinion and then enter judgment in conformity with such conclusions.

Tremain, J., absent.