MILLER ET AL. *v.* CITY OF EVANSVILLE ET AL.

[No. 30,114. Filed April 30, 1963.]

*James D. Lopp,* of Evansville, for appellants.

*Jerome L. Salm,* and *James W. Angermeier,* both of Evansville, for appellees.

LANDIS, J.—This is an appeal from a judgment denying appellant a permanent injunction.

On December 2, 1959, appellants brought action as resident taxpayers of the city of Evansville for a restraining order and a temporary and permanent injunction to restrain and enjoin appellee city and the board of trustees of its waterworks department from placing flourides in the city water supply, from purchasing fluorides and equipment and to restrain and enjoin them from taking bids and letting contracts for said purposes. The restraining order was issued on said December 2, 1959, without notice and continued in force until the trial on the permanent injunction when the court below terminated the same and denied the permanent injunction.

Appellants' complaint alleged among other things that the defendants have undertaken and are now undertaking to take bids and let contracts for the providing of equipment and the necessary fluoride drugs to be used in the water supplied by said city of Evansville, which allegations were admitted by the answer to the complaint. The complaint further alleged that the use of said fluorides was an usurpation of unwarranted power by the defendants, not authorized by any city ordinance or through legislative enactment of the State of Indiana. At the trial it was stipulated by and between the parties that there was no city ordinance of the city of Evansville authorizing said city or the board of trustees of its waterworks department to fluoridate its water.

Appellants have cited Burns' §48-5425 (1962 Cum. Supp.), providing as follows:

"Manner of expending funds. — No part of any funds raised under the provisions of this act [§§48-5402—48-5427] shall be expended except upon warrants drawn by the city controller upon vouchers of said board of trustees of said waterworks department. No appropriation shall be necessary, but all funds arising under the provisions hereof shall be deemed appropriated to the respective purposes herein named and shall be under the control of the board of trustees as herein provided and said board shall have full, complete and exclusive authority to expend funds for the purposes herein provided: *Provided, That in all second class cities having a population of not less than one hundred and twenty thousand [120,000] and not more than one hundred thirty-two thousand [132,000], according to the last preceding United States decennial census, all funds received by said board of trustees of said waterworks or by said department of waterworks, under the provisions of this act [§§48-5402—48-5427] or otherwise, whether from charges to users of water or services of said department or*

*from the sale of bonds or otherwise, shall be expended only upon specific appropriation theretofore made by the common council of said city as other public moneys are appropriated by such cities. ..."* (Acts 1927, ch. 164, §24, p. 476; 1957, ch. 202, §1, p. 422.)   (Italics added.)

Appellants argue that the above mentioned proviso of the statute requiring a specific appropriation is applicable to the city of Evansville and that the common council of such city not having authorized the expenditure of funds, the board of trustees of said city's waterworks department is not in any position to contract for the construction of equipment for the fluoridation of the public drinking water. Appellees have not replied to appellants' contention that the city of Evansville has not by a specific appropriation authorized the expenditure of such funds, as it is required to do under the above statute.

This Court, of course, knows judicially that the city of Evansville at the time this suit was instituted[1] (December 2, 1959), was a city of the second class, and according to the last preceding U. S. decennial census had a population of 128,636.[2] The authority of persons to enter into contracts and agreements on behalf of cities is limited by Burns' §48-1507 (1950 Repl.), which provides:

"No executive department, officer or employee thereof shall have power to bind such city to any contract or agreement, or in any other way, to any extent beyond the amount of money at the time already appropriated by ordinance for the purposes of such department; and all contracts and agreements, express or implied, and all obli-

---

1. A decree in equity generally operates on the parties and subject matter as they stood as of the time of the commencement of the suit. 30 C. J. S., Equity, §600, p. 990.
2. Census of 1950.

gations of any and every sort, beyond such existing appropriations are declared to be absolutely void: ...." (Acts 1905, ch. 129, §85, p. 219.)

Decisions of this Court have held that all contracts made in violation of this section are invalid and a subsequent appropriation will not validate the same, and further, that a resident taxpayer who will be affected thereby may maintain an action for injunction against the payments of any claims thereunder. *The City of Indianapolis* v. *Wann, Receiver* (1896), 144 Ind. 175, 185, 42 N. E. 901, 904, 31 L. R. A. 743, 756; *Hamer* v. *City of Huntington* (1939), 215 Ind. 594, 601, 605, 21 N. E. 2d 407, 411, 412; *Brayton* v. *City of Rushville* (1918), 68 Ind. App. 238, 243, 244, 120 N. E. 48, 49, 50. See also: Opinion of Attorney General (1944), p. 464.

We are constrained to hold that the city of Evansville had no authority in this case to take bids and let contracts in the absence of a valid appropriation and that the court below erred in overruling appellants' motion for new trial.

Judgment reversed with instructions to sustain the motion for new trial.

Jackson, C. J., and Achor and Arterburn, JJ., concur.

Myers, J., not participating.

NOTE.—Reported in 189 N. E. 2d 823.