CRAIG, ETC. *v.* SCHOOL CITY OF GARY, INDIANA, A MUNICIPAL CORPORATION.

[No. 20,405. Filed November 24, 1965. Rehearing denied December 13, 1965. Transfer denied February 2, 1966.]

*Orval W. Anderson,* of Gary, for appellant.

*George F. Sammons,* of Kentland, and *William J. Regan,* of Gary, for appellee.

SMITH, P. J.—This was an action instituted by the appellant, Robert I. Craig, Jr., a taxpayer of the City of Gary, Indiana, against the appellee, School City of Gary, Indiana, a municipal corporation, to restrain the appellee from proceeding in furtherance of a proposed school bond issue and seeking judgment declaring all proceedings had before the filing of this cause of action to be null and void.

The appellee filed a demurrer to the appellant's complaint which was sustained by the trial court. Upon the appellant's refusal to plead over judgment was entered for the appellee. From this judgment the appellant has appealed assigning as error the sustaining of the demurrer.

In resolving this question we must examine the complaint to determine whether the complaint on its face sets forth a proper cause of action for equitable relief.

It is the contention of the appellee that the trial court properly sustained the demurrer because the appellant had no legal capacity to sue. The appellee maintains, as shown by the memorandum to the demurrer, that since the suit was in equity, it was therefore incumbent upon the

appellant to exhaust all legal remedies; and, since there is a precise statutory remedy for contesting a bond issue which the appellant failed to follow, he has no legal capacity to institute action seeking equitable relief.

There are few better settled rules in the common law than that which requires a litigant to exhaust all legal remedies available, or in the alternate to demonstrate that such legal remedies are inadequate, before he can be heard to complain in a suit in equity.

Burns Ind. Stat. § 64-1915 provides the statutory procedure by which objections to a bond issue may be raised. The legal remedy is that of remonstrance.

"Ten (10) or more taxpayers in such municipal corporation, other than those who pay poll-tax only, and who will be affected by the proposed issuance of such bonds or other evidences of indebtedness and who may be of the opinion that such bonds or other evidences of indebtedness should not be issued, or that the proposed issue is excessive for the proposed purposes thereof, may file a petition in the office of the county auditor of the county in which such municipal corporation is located, within (15) days after notice as aforesaid shall have been given that the issuance of such bonds or other evidences of indebtedness shall have been determined upon by such municipal corporation, setting forth their objection thereto and facts showing that the proposed issue is unnecessary, unwise or excessive, as the case may be."

The appellant has failed to allege any attempt to comply with the above quoted legal remedy as provided by legislative enactment. Instead the appellant maintains that he was excused from joining in a remonstrance by virtue of the fact that in his complaint he has alleged facts which render the statutory remonstrance procedure inadequate.

As a result of these "facts" the appellant contends that he does have the legal capacity to sue and therefore the trial court was erroneous in sustaining appellee's demurrer.

The allegation of "facts" that the appellant relies upon in his complaint are, that the bond issue exceeded two per cent

of the assessed value of the taxable property; that the signatures on the petition were improperly obtained and not in conformity with the law; that the petition was not properly filed; that the School Board of the School City of Gary intended to misapply the proceeds of the sale of the bonds; and finally that said School Board failed to show a need for issuance of said bond issue.

In support of his position the appellant has erroneously relied on four Indiana cases: *City of Bluffton, et al.* v. *Miller* (1904), 33 Ind. App. 521, 70 N. E. 989; *Noble, et al.* v. *Davison* (1911), 177 Ind. 19, 96 N. E. 325; *Hamer* v. *City of Huntington et al., etc.* (1939), 215 Ind. 594, 21 N. E. (2d) 407; *Miller, et al.* v. *City of Evansville* (1963), 244 Ind. 1, 189 N. E. (2d) 823.

In each of these cases an injunction was granted against a municipal corporation to restrain the public officials of the corporation from doing some act. However, the distinguishing characteristic was that in each of these cases there was in existence a completed, consummated, void transaction the facts of which were described in each case in the complaint in exact detail. In the matter before us we have only a partially completed statutory procedure which will give rise to a possible contract, and which statutory procedure provides a method for taxpayers to object by way of a remonstrance.

The School City of Gary had proceeded with the necessary steps to authorize the issuance and sale of bonds for the construction of a school building. No agreement for the sale of bonds has been made. There was no remonstrance. Then some four days before the proposed sale of the bonds the appellant first made objection to the bond issue by filing this cause of action. Instead of an illegal contract as existed in the cases cited by the appellant, we have here only the general allegations of illegality made by one taxpayer in the City of Gary.

The requirements in a complaint to enjoin a municipal corporation are exacting and stringent. In *Stutesman* v.

*Sigerfoos, Trustee* (1924), 82 Ind. App. 600, 145 N. E. 507, this Court held that a mere allegation of noncompliance with a statute is insufficient in a complaint seeking injunction relief. It was further held that the complaint must negate all right and authority to proceed under any other statute. In *Flora, Trustee* v. *Brown* (1923), 79 Ind. App. 454, 138 N. E. 767, it was held that the presumption is that public officials are doing their duty, keeping within the law, and the party who challenges the act or acts of a public official must show that the official is not clothed with legal authority to perform the act in question. In Volume 43 *Corpus Juris Secundum*, § 182, p. 854, the rule is thus stated:

"The material and essential facts relied on for relief by injunction must be stated with sufficient certainty to negative every reasonable inference arising on the facts stated, from which it might be deduced that the applicant might not, under other supposable facts connected with the subject matter, be entitled to the relief sought. This rule applies particularly where public officers in discharge of official duties are sought to be restrained."

and on page 858 of said citation:

"The bill or complaint should unequivocally disclose facts and circumstances showing that defendant has no right to perform the act or pursue the course of action of which plaintiff complains. . . . In a suit to restrain the performance of an official act by a public officer, the bill or complaint must show fully that the act sought to be restrained is irregular, wrongful, or invalid or that the act constitutes an abuse of defendant's discretionary powers."

In *Hurd, et al.* v. *Walters, et al.* (1874), 48 Ind. 148, a school trustee permitted use of a school house for religious purposes which use was permissible if a majority of legal voters approved. There a demurrer was sustained on appeal because the complaint failed to aver that a majority of the legal voters had not approved such use. The court then stated the rule, "One who seeks injunctive relief should show very clearly that he is entitled to it."

In *Greathouse* v. *Board of School Commissioners of the City of Indianapolis* (1926), 198 Ind. 95, 151 N. E. 411, the court held that an injunction will not be granted merely to allay the fears and apprehensions of individuals. Finally in *Chadwick, Treasurer, et al.* v. *City of Crawfordsville* (1940), 216 Ind. 399, 24 N. E. (2d) 937, the court said that in accordance with the general rules of pleading facts and not the mere conclusions or opinions of the pleader must be stated in a bill or complaint for an injunction.

Applying these standards we must arrive at the decision that the appellant has merely in broad general terms, coupled with personal conclusions as to the illegality and impropriety, alleged that the various steps taken by the School Board of the School City of Gary were illegal which in our opinion is insufficient to excuse the appellant from joining in a remonstrance. He has failed to meet the high degree of clarity and preciseness demanded in a complaint for injunctive relief.

The statutory provisions for remonstrance are required to be followed or good cause shown, by proper allegations in the complaint, why they are not. If in situations like the one before us, a single taxpayer can ignore the remedy granted by the General Assembly and wait in silence until a sale of bonds is imminent to proceed by complaint for injunctive relief, statutory provisions for remonstrance would result in nullity.

We therefore hold that since the appellant's complaint fails to allege that the legal remedy is inadequate and fails to allege a factual situation that warrants an exception to the requirement that he join in a remonstrance the trial court properly sustained the demurrer to the appellant's complaint.

Judgment affirmed.

Carson, Faulconer, Hunter and Wickens, JJ., concur. Mote, J., concurs with concurring opinion; and Prime, C. J., concurs in result only but not in the concurring opinion of Mote, J.

## Concurring Opinion

Mote, J.—I concur in the opinion in this case but I think it is appropriate to call attention to the fact that this opinion and decision seem to be at variance with the majority opinion of this Court in *Good, et al.* v. *Western Pulaski Co. School Corp., et al.* (1965), 139 Ind. App. —, 210 N. E. 2d 100, recently decided by this Court. As in the case now before us, the appellants in the *Good* case, *supra,* sought injunctive relief after they had failed to exhaust the provisions of the statute involved therein (Acts of 1959, ch. 202, p. 451, *et seq.*) In my opinion the majority of the Court in the *Good* case, *supra,* erroneously concluded that a group of taxpayers who failed to rely upon and to follow the statutory provisions on the School Reorganization Act of 1959 were entitled to injunctive relief. By analogy, however, the appellant in this case likewise was not and is not entitled to injunctive relief.

In the case now before us the opinion of Judge Smith states:

> "The statutory provisions for remonstrance are required to be followed or good cause shown, by proper allegations in the complaint, why they are not. If in situations like the one before us, a single taxpayer can ignore the remedy granted by the General Assembly and wait in silence until a sale of bonds is imminent to proceed by complaint for injunctive relief, statutory provisions for remonstrance would result in nullity."

I detect no difference, from a legal point of view, between having a single plaintiff or appellant citizen, a taxpayer in his own behalf and in behalf of all other taxpayers residing in the municipality, as here, and a group of taxpayers, as plaintiffs for themselves and all others similarly situated, as in the *Good* case, *supra,* and the decision ought not, in my opinion, hinge upon this particular expression.

While I think that the case now before us ought to be decided in favor of the appellee, I must conclude that the decision and reasons stated in this case for denying injunctive

relief, are in the same category of reasons why said relief, in effect, should not have been granted in the *Good* case, *supra*.

I observe that there is complete lack of consistency in the majority determination in the *Good* case, *supra*, and the decision in this case to which I lend my concurrence. In each case the undisputed facts lead to the inescapable conclusion that the plaintiffs did not exhaust their statutory relief and remedies; hence, as the opinion herein states, plaintiffs (appellants) in each instance "failed to allege any attempt to comply with the . . . legal remedy (ies) as provided by legislative enactment."

If, as I believe, the decision and stated reasons in the present appeal are correct, it should follow that the majority decision and stated reasons for reversal in the *Good* case, *supra*, are incorrect. In the *Good* case, *supra*, this Court, by a majority held, in effect, that an injunction lies, and now, that an injunction does not lie.

Such inconsistencies can only bring more and greater confusion in our judicial processes.

NOTE.—Reported in 211 N. E. 2d 616.